UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
ANTONIO GARCIA, JOSE AMAYA,
NEPTALI AMAYA, on behalf of themselves, and         CV-09-486 (SJF) (ETB)
all others similarly situated,

               Plaintiffs

   -against-

                                                   **ANSWER TO AMENDED COMPLAINT**

PANCHO VILLA'S OF HUNTINGTON VILLAGE,
INC., PANCHO VILLA'S OF HUNTINGTON
STATION, INC., VILLA'S PANCHO, INC.,
PANCHO VILLA'S OF GLEN COVE, INC.,
AGOSTINO ABBATVELLO, an individual and
AGOSTINO ABBATVELLO, JR., an
individual,

               Defendants.
-------------------------------------------------------------x

       Defendants, Pancho Villa's of Huntington Village, Inc., Pancho Villa's of Huntington Station, Inc., Villa's Pancho, Inc., Pancho Villa's of Glen Cove, Inc., Agostino Abbatiello, incorrrectly sued herein as Agostino Abbatvello and Agostino Abbatiello, Jr., incorrectly sued herein as Agostino Abbatvello, Jr., (collectively referred to as "Defendants"), hereby answer the plaintiffs' amended complaint as follows:

       1.     Defendants do not dispute that plaintiffs seek to bring an action against them pursuant to 29 U.S.C. §201 and the New York State Labor Law.  Defendants deny the substantive allegations of the amended complaint and any allegations involving collective and/or class action and do not waive the right to challenge those allegations in this Court.  All remaining allegations, to the extent that they are questions of law, are referred to the Court.

       2.     Deny knowledge or information sufficient to form a belief as to the truth or veracity of the allegations set forth in paragraph 2 of the amended complaint.

       3.     Neither admit nor deny the allegations set forth in paragraph 3 of the

complaint and refer all questions of law to the Court.

4. Neither admit nor deny the allegations set forth in paragraph 4 of the amended complaint and refer all questions of law to the Court.

5. Deny the allegations set forth in paragraph 5 of the amended complaint except admit that the Defendants do business in the state of New York.

6. Neither admit nor deny the allegations set forth in paragraph 6 of the complaint and refer all questions of law to the Court.

7. Deny knowledge or information sufficient to form a belief as to the truth or veracity of the allegations set forth in paragraph 7 of the amended complaint.

8. Deny the allegations set forth in paragraph 8 of the amended complaint and refer all questions of law to the Court.

9. Deny knowledge or information sufficient to form a belief as to the truth or veracity of the allegations set forth in paragraph 9 of the amended complaint.

10. Deny the allegations set forth in paragraph 10 of the amended complaint and refer all questions of law to the Court.

11. Deny knowledge or information sufficient to form a belief as to the truth or veracity of the allegations set forth in paragraph 11 of the amended complaint.

12. Deny the allegations set forth in paragraph 12 of the amended complaint and refer all questions of law to the Court.

13. Deny the allegations set forth in paragraph 13 of the amended complaint except admit that plaintiff Garcia is employed by defendant Pancho Villa's of Huntington Station, Inc.

14. Deny the allegations set forth in paragraph 14 of the amended complaint

except admit that plaintiff Antonio Garcia performed as head chef for Pancho Villa of Huntington Station, Inc. at certain times.

15. Deny the allegations set forth in paragraph 15 of the amended complaint except admit that plaintiff Jose Amaya is employed by defendant Pancho Villa's of Huntington Station, Inc.

16. Deny the allegations set forth in paragraph 16 of the amended complaint except admit that plaintiff Jose Amaya performed certain services for Pancho Villa of Huntington Station, Inc. at certain times.

17. Deny the allegations set forth in paragraph 17 of the amended complaint.

18. Deny the allegations set forth in paragraph 18 of the amended complaint except admit that plaintiff Neptali Amaya performed certain services for Pancho Villa of Huntington Station, Inc. at certain times.

19. Admit the allegations set forth in paragraph 19 of the amended complaint.

20. Admit the allegations set forth in paragraph 20 of the amended complaint.

21. Admit the allegations set forth in paragraph 21 of the amended complaint.

22. Admit the allegations set forth in paragraph 22 of the amended complaint.

23. Deny the allegations set forth in paragraph 23 of the amended complaint and refer all questions of law to the court.

24. Admit the allegations set forth in paragraph 24 of the amended complaint.

25. Admit the allegations set forth in paragraph 25 of the amended complaint.

26. Admit the allegations set forth in paragraph 26 of the amended complaint.

27. Admit the allegations set forth in paragraph 27 of the amended complaint.

28. Deny the allegations set forth in paragraph 28 of the amended complaint and

refer all questions of law to the court.

29. Admit the allegations set forth in paragraph 29 of the amended complaint.

30. Deny the allegations set forth in paragraph 30 of the amended complaint.

31. Deny the allegations set forth in paragraph 31 of the amended complaint.

32. Deny the allegations set forth in paragraph 32 of the amended complaint.

33. Deny the allegations set forth in paragraph 33 of the amended complaint.

34. Admit the allegations set forth in paragraph 34 of the amended complaint.

35. Admit the allegations set forth in paragraph 35 of the amended complaint.

36. Admit the allegations set forth in paragraph 36 of the amended complaint.

37. Admit the allegations set forth in paragraph 37 of the amended complaint.

38. Deny the allegations set forth in paragraph 38 of the amended complaint and refer all questions of law to the court.

39. Deny the allegations set forth in paragraph 39 of the amended complaint.

40. Deny the allegations set forth in paragraph 40 of the amended complaint.

41. Deny the allegations set forth in paragraph 41 of the amended complaint.

42. Deny the allegations set forth in paragraph 42 of the amended complaint.

43. Deny the allegations set forth in paragraph 43 of the amended complaint.

44. Deny the allegations set forth in paragraph 44 of the amended complaint.

45. Deny the allegations set forth in paragraph 45 of the amended complaint.

46. Deny the allegations set forth in paragraph 46 of the amended complaint.

47. Deny the allegations set forth in paragraph 47 of the amended complaint.

48. Deny the allegations set forth in paragraph 48 of the amended complaint.

49. Deny the allegations set forth in paragraph 49 of the amended complaint.

50. Deny the allegations set forth in paragraph 50 of the amended complaint.

51. Deny the allegations set forth in paragraph 51 of the amended complaint.

52. Deny the allegations set forth in paragraph 52 of the amended complaint.

53. Deny the allegations set forth in paragraph 53 of the amended complaint.

54. Deny the allegations set forth in paragraph 54 of the amended complaint.

55. Deny the allegations set forth in paragraph 55 of the amended complaint.

56. Deny the allegations set forth in paragraph 56 of the amended complaint.

57. Deny the allegations set forth in paragraph 57 of the amended complaint.

58. Deny the allegations set forth in paragraph 58 of the amended complaint.

59. Deny the allegations set forth in paragraph 59 of the amended complaint.

60. Deny the allegations set forth in paragraph 60 of the amended complaint.

61. Deny the allegations set forth in paragraph 61 of the amended complaint.

62. Deny the allegations set forth in paragraph 62 of the amended complaint.

63. Deny the allegations set forth in paragraph 63 of the amended complaint.

64. Deny the allegations set forth in paragraph 64 of the amended complaint.

65. Deny the allegations set forth in paragraph 65 of the amended complaint.

66. Deny the allegations set forth in paragraph 66 of the amended complaint.

67. Deny the allegations set forth in paragraph 67 of the amended complaint.

68. Deny the allegations set forth in paragraph 68 of the amended complaint.

69. Deny the allegations set forth in paragraph 69 of the amended complaint.

70. Deny the allegations set forth in paragraph 70 of the amended complaint.

71. Deny the allegations set forth in paragraph 71 of the amended complaint.

72. Deny the allegations set forth in paragraph 72 of the amended complaint.

73. Deny the allegations set forth in paragraph 73 of the amended complaint.

74. Deny the allegations set forth in paragraph 74 of the amended complaint.

75. Deny the allegations set forth in paragraph 75 of the amended complaint.

76. Deny the allegations set forth in paragraph 76 of the amended complaint.

77. Deny the allegations set forth in paragraph 77 of the amended complaint.

78. Deny the allegations set forth in paragraph 78 of the amended complaint.

79. Deny the allegations set forth in paragraph 79 of the amended complaint.

80. Deny the allegations set forth in paragraph 80 of the amended complaint except admit that defendant Agostino Abbatiello, Jr. is a shareholder and the chief executive officer of Pancho Villa's of Huntington Village, Inc.

81. Deny the allegations set forth in paragraph 81 of the amended complaint.

82. Deny the allegations set forth in paragraph 82 of the amended complaint.

83. Admit the allegations set forth in paragraph 83 of the amended complaint.

84. Admit the allegations set forth in paragraph 84 of the amended complaint.

85. Admit the allegations set forth in paragraph 85 of the amended complaint.

86. Admit the allegations set forth in paragraph 86 of the amended complaint.

87. Admit the allegations set forth in paragraph 87 of the amended complaint.

88. Admit the allegations set forth in paragraph 88 of the amended complaint.

89. Admit the allegations set forth in paragraph 89 of the amended complaint.

90. Deny the allegations set forth in paragraph 90 of the amended complaint except admit that defendant Agostino Abbatiello, Jr. is a shareholder and the chief executive officer of Pancho Villa's of Huntington Village, Inc.

91. Deny the allegations set forth in paragraph 91 of the amended complaint.

92. Deny the allegations set forth in paragraph 92 of the amended complaint.

93. Admit the allegations set forth in paragraph 93 of the amended complaint.

94. Admit the allegations set forth in paragraph 94 of the amended complaint.

95. Admit the allegations set forth in paragraph 95 of the amended complaint.

96. Admit the allegations set forth in paragraph 96 of the amended complaint.

97. Admit the allegations set forth in paragraph 97 of the amended complaint.

98. Admit the allegations set forth in paragraph 98 of the amended complaint.

99. Admit the allegations set forth in paragraph 99 of the amended complaint.

100. Deny the allegations set forth in paragraph 100 of the amended complaint.

101. Deny the allegations set forth in paragraph 101 of the amended complaint.

102. Deny the allegations set forth in paragraph 102 of the amended complaint.

103. Deny the allegations set forth in paragraph 103 of the amended complaint.

104. Deny the allegations set forth in paragraph 104 of the amended complaint.

105. Deny the allegations set forth in paragraph 105 of the amended complaint.

106. Deny the allegations set forth in paragraph 106 of the amended complaint.

107. Deny the allegations set forth in paragraph 107 of the amended complaint.

108. Deny the allegations set forth in paragraph 108 of the amended complaint.

109. Deny the allegations set forth in paragraph 109 of the amended complaint.

110. Deny the allegations set forth in paragraph 110 of the amended complaint except admit that defendant Agostino Abbatiello, Jr. is a shareholder and the chief executive officer of Pancho Villa's of Glen Cove, Inc.

111. Deny the allegations set forth in paragraph 111 of the amended complaint.

112. Deny the allegations set forth in paragraph 112 of the amended complaint.

113. Admit the allegations set forth in paragraph 113 of the amended complaint.

114. Admit the allegations set forth in paragraph 114 of the amended complaint.

115. Admit the allegations set forth in paragraph 115 of the amended complaint.

116. Admit the allegations set forth in paragraph 116 of the amended complaint.

117. Admit the allegations set forth in paragraph 117 of the amended complaint.

118. Admit the allegations set forth in paragraph 118 of the amended complaint.

119. Admit the allegations set forth in paragraph 119 of the amended complaint.

120. Deny the allegations set forth in paragraph 120 of the amended complaint.

121. Deny the allegations set forth in paragraph 121 of the amended complaint.

122. Deny the allegations set forth in paragraph 122 of the amended complaint.

123. Deny the allegations set forth in paragraph 123 of the amended complaint.

124. Deny the allegations set forth in paragraph 124 of the amended complaint.

125. Deny the allegations set forth in paragraph 125 of the amended complaint.

126. Deny the allegations set forth in paragraph 126 of the amended complaint.

127. Deny the allegations set forth in paragraph 127 of the amended complaint.

128. Admit the allegations set forth in paragraph 128 of the amended complaint except deny the allegations in regards to defendant Villa's Pancho, Inc.

129. Deny the allegations set forth in paragraph 129 of the amended complaint.

130. Deny the allegations set forth in paragraph 130 of the amended complaint and refer all questions of law to the court.

131. Deny the allegations set forth in paragraph 131 of the amended complaint.

132. Deny the allegations set forth in paragraph 132 of the amended complaint except admit that plaintiff Garcia was and is an employee of defendant Pancho Villa's of

Huntington Station, Inc.

133. Deny the allegations set forth in paragraph 133 of the amended complaint and refer all questions of law to the court.

134. Deny the allegations set forth in paragraph 134 of the amended complaint.

135. Deny the allegations set forth in paragraph 135 of the amended complaint and refer all questions of law to the court.

136. Deny the allegations set forth in paragraph 136 of the amended complaint except admit that plaintiff Jose Amaya was and is an employee of defendant Pancho Villa's of Huntington Station, Inc.

137. Deny the allegations set forth in paragraph 137 of the amended complaint and refer all questions of law to the court.

138. Deny the allegations set forth in paragraph 138 of the amended complaint.

139. Deny the allegations set forth in paragraph 139 of the amended complaint and refer all questions of law to the court.

140. Deny the allegations set forth in paragraph 140 of the amended complaint except admit that plaintiff Neptali Amaya was a former employee of defendant Pancho Villa's of Huntington Station, Inc.

141. Deny the allegations set forth in paragraph 141 of the amended complaint and refer all questions of law to the Court.

142. Deny the allegations set forth in paragraph 142 of the amended complaint.

143. Deny the allegations set forth in paragraph 143 of the amended complaint and refer all questions of law to the court.

144. Deny the allegations set forth in paragraph 144 of the amended complaint.

145. Deny the allegations set forth in paragraph 145 of the amended complaint.

146. Deny the allegations set forth in paragraph 146 of the amended complaint.

147. Deny the allegations set forth in paragraph 147 of the amended complaint.

148. Deny the allegations set forth in paragraph 148 of the amended complaint.

149. Deny the allegations set forth in paragraph 149 of the amended complaint.

150. Deny the allegations set forth in paragraph 150 of the amended complaint.

151. Deny the allegations set forth in paragraph 151 of the amended complaint.

152. Deny the allegations set forth in paragraph 152 of the amended complaint except admit that certain customers left gratuities.

153. Deny the allegations set forth in paragraph 153 of the amended complaint.

154. Deny the allegations set forth in paragraph 154 of the amended complaint.

155. Deny the allegations set forth in paragraph 155 of the amended complaint.

156. Deny the allegations set forth in paragraph 156 of the amended complaint.

157. Deny the allegations set forth in paragraph 157 of the amended complaint.

158. Deny the allegations set forth in paragraph 158 of the amended complaint.

159. Deny the allegations set forth in paragraph 159 of the amended complaint.

160. Deny the allegations set forth in paragraph 160 of the amended complaint.

161. Deny the allegations set forth in paragraph 161 of the amended complaint.

162. Deny the allegations set forth in paragraph 162 of the amended complaint.

163. Deny the allegations set forth in paragraph 163 of the amended complaint.

## **COLLECTIVE ACTION CLAIMS**

164. Deny the allegations set forth in paragraph 164 of the amended complaint.

165. Defendants do not dispute that plaintiffs seeks to proceed with the First Cause of Action as a collective action. Defendants deny the substantive allegations of the complaint and any allegations involving collective action and do not waive the right to challenge those allegations in Court.

166. Deny the allegations set forth in paragraph 166 of the amended complaint and refer all questions of law to the Court.

## RULE 23 CLASS ALLEGATIONS

167. Defendants do not dispute that plaintiff seeks to proceed with the Second, Fourth, Fifth, Sixth and Seventh Causes of Action as a class action. Defendants deny the substantive allegations of the complaint and any allegations involving class action and do not waive the right to challenge those allegations in Court.

168. Deny the allegations set forth in paragraph 168 of the amended complaint.

169. Deny the allegations set forth in paragraph 169 of the amended complaint, including all sub-paragraphs.

170. Deny the allegations set forth in paragraph 170 of the amended complaint.

171. Deny the allegations set forth in paragraph 171 of the amended complaint.

172. Deny the allegations set forth in paragraph 172 of the amended complaint.

173. Deny the allegations set forth in paragraph 173 of the amended complaint.

174. Deny the allegations set forth in paragraph 174 of the amended complaint.

175. Deny knowledge or information sufficient to form a belief as to the truth or veracity of the allegations set forth in paragraph 175 of the amended complaint.

### ANSWERING AN ALLEGED FIRST CAUSE OF ACTION

176. In response to paragraph 176 of the amended complaint, defendants respond to the allegations as set forth in paragraph 1-175.

177. Deny the allegations set forth in paragraph 177 of the amended complaint.

178. Deny the allegations set forth in paragraph 178 of the amended complaint.

179. Deny the allegations set forth in paragraph 179 of the amended complaint and refer to the referenced consent form for the exact contents thereof.

180. Deny the allegations set forth in paragraph 180 of the amended complaint.

### ANSWERING AN ALLEGED SECOND CAUSE OF ACTION

181. In response to paragraph 181 of the amended complaint, defendants respond to the allegations as set forth in paragraph 1-180.

182. Deny the allegations set forth in paragraph 182 of the amended complaint.

183. Deny the allegations set forth in paragraph 183 of the amended complaint.

184. Deny the allegations set forth in paragraph 184 of the amended complaint.

185. Deny the allegations set forth in paragraph 185 of the amended complaint.

186. Deny the allegations set forth in paragraph 186 of the amended complaint.

187. Deny the allegations set forth in paragraph 187 of the amended complaint.

188. Deny the allegations set forth in paragraph 188 of the amended complaint.

### ANSWERING AN ALLEGED THIRD CAUSE OF ACTION

189. In response to paragraph 189 of the amended complaint, defendants respond to the allegations as set forth in paragraph 1-188.

190. Deny the allegations set forth in paragraph 190 of the amended complaint.

191. Deny the allegations set forth in paragraph 191 of the amended complaint.

192. Deny the allegations set forth in paragraph 192 of the amended complaint.

193. State that there are no allegations to which they must respond in paragraph 193 of the amended complaint and refer all questions of law to the court.

194. Deny the allegations set forth in paragraph 194 of the amended complaint.

195. Deny the allegations set forth in paragraph 195 of the amended complaint.

## ANSWERING AN ALLEGED FOURTH CAUSE OF ACTION

196. In response to paragraph 196 of the amended complaint, defendants respond to the allegations as set forth in paragraph 1-195.

197. Neither admit nor deny the allegations set forth in paragraph 197 of the amended complaint and refer all questions of law to the court.

198. Neither admit nor deny the allegations set forth in paragraph 198 of the amended complaint and refer all questions of law to the court.

199. Deny the allegations set forth in paragraph 199 of the amended complaint.

200. Deny the allegations set forth in paragraph 200 of the amended complaint.

## ANSWERING AN ALLEGED FIFTH CAUSE OF ACTION

201. In response to paragraph 201 of the amended complaint, defendants respond to the allegations as set forth in paragraph 1-200.

202. Deny the allegations set forth in paragraph 202 of the amended complaint.

203. Deny the allegations set forth in paragraph 203 of the amended complaint.

204. Deny the allegations set forth in paragraph 204 of the amended complaint.

205. Deny the allegations set forth in paragraph 205 of the amended complaint.

## ANSWERING AN ALLEGED SIXTH CAUSE OF ACTION

206. In response to paragraph 206 of the amended complaint, defendants respond to the allegations as set forth in paragraph 1- 205.

    207. Deny the allegations set forth in paragraph 207 of the amended complaint and refer all questions of law to the court.

    208. Deny the allegations set forth in paragraph 208 of the amended complaint.

    209. Deny the allegations set forth in paragraph 209 of the amended complaint.

## ANSWERING AN ALLEGED SEVENTH CAUSE OF ACTION

210. In response to paragraph 210 of the amended complaint, defendants respond to the allegations as set forth in paragraph 1-209.

    211. Deny the allegations set forth in paragraph 211 of the amended complaint.

    212. Deny the allegations set forth in paragraph 212 of the amended complaint.

## ANSWERING AN ALLEGED EIGHTH CAUSE OF ACTION

213. In response to paragraph 213 of the amended complaint, defendants respond to the allegations as set forth in paragraph 1-212.

    214. Deny the allegations set forth in paragraph 214 of the amended complaint.

    215. Deny the allegations set forth in paragraph 215 of the amended complaint.

## ANSWERING AN ALLEGED NINTH CAUSE OF ACTION

216. In response to paragraph 216 of the amended complaint, defendants respond to the allegations as set forth in paragraph 1-215.

217. Deny the allegations set forth in paragraph 217 of the amended complaint.

218. Deny the allegations set forth in paragraph 219 of the amended complaint.

## RESPONSE TO JURY DEMAND

219. Deny that plaintiffs are entitled to a trial by jury.

WHEREFORE section immediately following paragraph 219 of the amended complaint or any other relief. Defendants further deny each and every allegation in the Amended Complaint not specifically admitted herein.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

The amended complaint, and each claim purported to be alleged therein, fails to allege facts sufficient to state a claim upon which relief can be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

The amended complaint, and each claim purported to be alleged therein, is barred by the applicable statute of limitations under the applicable federal and state laws.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

Plaintiffs and the putative class/collective action members are not entitled to

damages, to the extent that they failed to mitigate their alleged damages.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

If plaintiffs and any putative class/collective action member sustained any injury, damage or loss by reason of any act, error or omission on the part of defendants, said injury, damage, or loss must be reduced on the basis of comparative fault or negligence of plaintiffs, putative class/collective action members, or others, which contributed to and proximately caused any such injury, damage, or loss.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

The amended complaint, and each claim purported to be alleged therein, is barred in whole or in part by the doctrine of waiver.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

The amended complaint, and each claim purported to be alleged therein, is barred to the extent plaintiffs or putative class/collective action members had unclean hands.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

The amended complaint, and each claim purported to be alleged therein, is barred in whole or in part by judicial, equitable, and/or collateral estoppel.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

The amended complaint, and each claim purported to be alleged therein, is barred in whole or in part by the doctrine of laches.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

To the extent plaintiffs and putative class/collective action members have received other benefits and/or awards attributable to an injury for which they seek compensation in this case, such benefits and/or awards should offset, in whole or in part, any award they receive here for the same injury.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

Plaintiffs lack standing to prosecute the claims purported to be alleged in the amended complaint.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

Defendants have at all times acted in good faith and had reasonable grounds for believing that its pay practices complied with federal and state law.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

Plaintiffs and putative class/collective action members are entitled to a jury trial only as to those issues for which a jury trial is permitted by the Fair Labor Standards Act.

### AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

The amended complaint, and each claim purported to be alleged therein, is barred to the extent the court lacks subject matter jurisdiction over the stated claims.

### AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

The putative collective action members cannot proceed collectively under 29 U.S.C.

§ 216(b) because they are not similarly situated.

### AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiffs have not shown and cannot show that class or collective action treatment of the purported claims alleged in his complaint is superior to other methods of adjudicating the controversy.

### AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

The types of claims alleged by plaintiffs on behalf of putative class/collective action members are matters in which individual questions predominate and thus are not appropriate for class or collective action treatment.

### AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE

The purported claims alleged by plaintiffs are neither common to nor typical of those, if any, of the alleged putative class members.

### AS AND FOR AN EIGHTEENTH AFFIRMATIVE DEFENSE

This case is not appropriate for class or collective action certification because plaintiffs are not able to fairly and adequately protect the interests of all members of the putative class.

### AS AND FOR A NINETEENTH AFFIRMATIVE DEFENSE

The putative class members are not so numerous that joinder is impracticable.

### AS AND FOR A TWENTIETH AFFIRMATIVE DEFENSE

The amended complaint, and each claim purported to be alleged therein, cannot

proceed as a class and/or collective action because difficulties likely to be encountered render the action unmanageable.

### AS AND FOR A TWENTY FIRST AFFIRMATIVE DEFENSE

Certain of the interests of the putative class members are in conflict with the interests of plaintiff and/or all or certain sub-groups of the putative class members.

### AS AND FOR A TWENTY SECOND AFFIRMATIVE DEFENSE

Plaintiff Antonio Garcia is exempt from the overtime provisions of the Fair Labor Standards Act and the New York Labor Law because he was at all relevant times a salaried executive employee.

### AS AND FOR A TWENTY THIRD AFFIRMATIVE DEFENSE

Plaintiff Antonio Garcia is exempt from the overtime provisions of the Fair Labor Standards Act because he was a creative professional within the meaning of 29 CFR §541.302.

### AS AND FOR A TWENTY FOURTH AFFIRMATIVE DEFENSE

Plaintiff Antonio Garcia is exempt from the overtime provisions of the Fair Labor Standards Act because he was a learned professional within the meaning of 29 CFR §541.301.

WHEREFORE, defendants pray for a judgment dismissing the complaint and/or denying the plaintiffs claims, in their entirety, and awarding the defendants their reasonable attorneys' fees and costs of this action along with such other and further relief as to this court seems just equitable and proper.

Dated: Melville, New York
April 7, 2009

          Yours, etc.,

          KUSHNICK & ASSOCIATES, P.C.

          By: /s/ Lawrence A. Kushnick
          Lawrence A. Kushnick, Esq. (LAK 2146)
          *Attorneys for defendants*
          445 Broad Hollow Road, Suite 124
          Melville, New York 11747
          Tel: (631) 752-7100

TO:

Troy L. Kessler, Esq.
MISIANO SHULMAN CAPETOLA & KESSLER, LLP
Attorneys for Plaintiffs
510 Broad hollow Road, Suite 110
Melville, New York 11747