UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------x

ANTONIO GARCIA, JOSE AMAYA, NEPTALI AMAYA, on behalf of themselves, and all others similarly situated,

Plaintiffs,

-against-

PANCHO VILLA'S OF HUNTINGTON VILLAGE, INC., PANCHO VILLA'S OF HUNTINGTON STATION, INC., VILLA'S PANCHO, INC., PANCHO VILLA'S OF GLEN COVE, INC., AGOSTINO ABBATVELLO, an individual and AGOSTINO ABBATVELLO, JR., an individual,

Defendants.

---------------------------------------------------------------x

Case No. CV-09-486 (SJF)(ETB)

# DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS' MOTION FOR CONDITIONAL CERTIFICATION OF A COLLECTIVE ACTION UNDER THE FLSA

KUSHNICK & ASSOCIATES, P.C.
Attorneys for Defendants
445 Broadhollow Road, Suite 124
Melville, NY 11747
(631) 752-7100

On the brief:
Lawrence A. Kushnick (LAK-2146)

**TABLE OF CONTENTS**

| | page |
|---|---|
| TABLE OF CONTENTS | i |
| TABLE OF AUTHORITIES | ii |
| PRELIMINARY STATEMENT | 1 |
| FACTUAL BACKGROUND | 2 |
| ARGUMENT | |
| POINT A | |
| Plaintiffs have not met Conditional Collective Action Certification Standards | 5 |
| POINT B | |
| Plaintiffs have not Demonstrated the Existence of a Common Policy or Plan | 9 |
| POINT C | |
| Plaintiffs have not Alleged Similarity between the Huntington Station restaurant where Plaintiffs Work and the Huntington Village or Glen Cove restaurants | 11 |
| POINT D | |
| Plaintiffs' Proposed Notice is Inappropriate | 11 |
| CONCLUSION | 13 |

**Table of Authorities**

CASES

Barfield v. New York City Health and Hospitals Corporation
2005 W.L. 3098730 (S.D.N.Y. Nov. 18, 2005) .......... 6

Castro v. Spice Place Inc.
2009 W.L. 229952 (S.D.N.Y. Jan. 30, 2009) .......... 5

Colozzi v. St. Joseph's Hospital Health Center
2009 W.L. 211401 (N.D.N.Y. Jan. 26, 2009) .......... 7, 8

D'anna v. M/A-Com Inc.
903 F.Supp. 889, 893-94 (D.M.d. 1995) .......... 10

Guzman v. ULM, Inc.
2007 WL 2994278 (E.D.N.Y. Oct. 11, 1007) .......... 6

Heagney v. European American Bank
122 F.R.D.125, 127 (E.D.N.Y. 1988) .......... 8

Hoffman v. Sparrow, Inc.
982 F.Supp. 249 (S.D.N.Y. 1997) .......... 5

Mendoza v. Casa de Cambio Delgado Inc.
2008 W.L. 938584 (S.D.N.Y. April 7, 2008) .......... 7

Morales v. Plantworks Inc.
2006 W.L. 278154 (S.D.N.Y. Feb. 2, 2006) .......... 9

Prizmic v. Armour Inc.
2006 W.L. 1662614 (E.D.N.Y. June 12, 2006) .......... 10

Vaicaitiene v. Partners in Care Inc.
2005 W.L. 1593053 (S.D.N.Y. July 6, 2005) .......... 11

Defendant, PANCHO VILLA'S OF HUNTINGTON STATION, INC., reduced the hours of chef Antonio Garcia by one day due to the drastic toll the economic downturn has had on the economy on Long Island, to restaurants in general and specifically upon the Huntington Station Pancho Villa's restaurant. Resultingly, Mr. Garcia quit, was rehired, and then began this entire action which, unless dismissed, will put the defendants out of business and destroy the very hand that has provided employment for these minority workers.

**I. Preliminary Statement**

Plaintiffs commenced this action alleging violations of the Fair Labor Standards Act, 29 U.S.C. §201, et seq. ("FLSA") and the New York State Labor Law ("NYSLL").

Plaintiffs have submitted the current motion seeking conditional permission for the plaintiffs to proceed as a collective action pursuant to FLSA §216(b), to compel the defendants to furnish the names and last known addresses of individuals in the collective action, and authorizing plaintiffs to post and circulate a Notice of Pendency and Consent to Join form to all individuals who are similarly situated.

While it is recognized that there is only a minimal standard required for this initial conditional stage of a collective action, there still must be competent and sufficient evidence that the potential class members are similarly situated and plaintiffs must provide actual evidence of a factual nexus between their situation and those that they claim are similarly situated and the named defendants, rather than mere conclusory allegations. This investigative process is necessary as an employer may be unduly burdened by a frivolous fishing expedition conducted by plaintiff at the employer's expense.

In this matter, the plaintiffs have failed to establish and set forth actual evidence of a factual nexus between their situation and those that they claim are similarly situated. Most notably, the plaintiffs have improperly lumped three different restaurants together while the factual allegations only concern one specific restaurant. There has been no proof submitted to qualify the plaintiffs to treat the defendants as a joint employer under the FLSA. Further, there has not been even a minimal demonstration of a common policy or plan.

For the foregoing reasons, it is respectfully requested that the plaintiffs' motion be denied in all respects.

## **II. FACTUAL BACKGROUND**

A. Parties

Pancho Villa's of Huntington Station, Inc.: This corporation operates the restaurant in Huntington Station.

Pancho Villa's of Huntington Village, Inc.: This corporation operates a restaurant in Huntington Village and should have no connection to this lawsuit which solely involves the employees of the restaurant located in Huntington Station.

Villa's Pancho Inc.: This entity has no relation to this lawsuit.

Pancho Villa's of Glen Cove, Inc.: This corporation operates a restaurant in Glen Cove and has no relation to this lawsuit as the allegations solely involve the workers at the Huntington Station restaurant.

Antonio Garcia: Antonio Garcia alleges he was employed by Pancho Villas of Huntington Station, Inc. from September 1, 2002 until January 22, 2009, and again from March 5, 2009 to the present. He alleges that his jobs include cooking food,

preparing salsa, preparing food, cleaning meat and cleaning the kitchen. Mr. Garcia has never been employed by any other of the defendant corporations. Mr. Garcia has never been employed as a busboy or as a waiter.[1]

Jose Amaya: Jose Amaya alleges he has been employed by Pancho Villas of Huntington Station, Inc. from December of 2003 to the present. Mr. Amaya is a waiter.[2]

Neptali Amaya: Neptali Amaya alleges he was employed by Pancho Villas of Huntington Station, Inc. from March 2006 until April of 2008. Mr. Amaya is a busboy.[3]

Ramon Martinez: Ramon Martinez alleges that he has been employed by Pancho Villas of Huntington Station, Inc. from April of 2008 to the present. Mr. Martinez is a dish washer.[4]

Agostino Abbatiello: Mr. Abbatiello is a prior owner.

Agostino Abbatiello, Jr.: Mr. Abbatiello, Jr. is the current owner of the Huntington Village, Huntington Station, and Glen Cove Pancho Villa's restaurants. The restaurants are individually operated and maintained.

B. The Allegations are Speculative in Nature, Wholly Unsubstantiated Hearsay and Uncorroborated Statements

1. Allegations of Antonio Garcia.

---

1 See Exhibit "3", affidavit of Antonio Garcia annexed to Plaintiffs' Memorandum of Law.

2 See Exhibit "4", affidavit of Jose Amaya annexed to Plaintiffs' Memorandum of Law.

3 See Exhibit "5", affidavit of Neptali Amaya annexed to Plaintiffs' Memorandum of Law.

4 See Exhibit "6", affidavit of Ramon Martinez annexed to Plaintiffs' Memorandum of Law.

The affidavit is replete with surmise and conjecture in an attempt to somehow link these individuals and the individual corporations. The Garcia affidavit attempts to establish this nexus with unsubstantiated allegations that "because we discussed this matter amongst ourselves"[5] and "she told me that the defendants pay their employees there the same rate that they pay us".[6] Mr. Garcia's conclusory allegations do not establish any semblance of a nexus establishing that the alleged employees are similarly situated or that there is any nexus between all of the corporations.

2. Allegations of Jose Amaya.

Mr. Amaya attempts to establish a nexus with the Glen Cove restaurant alleging that "sometime in 2006, for a few days, I also worked at the 48 Cedar Swamp Road, Glen Cove, NY, location".[7] Mr. Amaya attempts to establish a nexus with the Huntington Village restaurant where he alleges "I also know that the defendants do not properly compensate their workers at the 311 New York Avenue, Huntington, NY, location because my co-worker Sylvia Garcia works approximately half of her weekly shift at that location and she told me that the defendants pay their employees there the same rate that they pay us at the Jericho Turnpike location".[8] These allegations do not

---

5 See para. 12 of Garcia affidavit, annexed as Exhibit "3" to Plaintiffs' Memorandum of Law.

6 See Para. 11 of Garcia affidavit, annexed as Exhibit "3" to Plaintiffs' Memorandum of Law.

7 See Para. 4 of Amaya affidavit, annexed as Exhibit "4" to Plaintiffs' Memorandum of Law

8 See Para. 16 of Amaya affidavit, annexed as Exhibit "4" to Plaintiffs' Memorandum of Law

establish any form of nexus with any of the other corporations.

3. Allegations of Neptali Amaya.

Mr. Amaya does not set forth any allegations attempting to establish any nexus with any of the restaurant corporations other than a location where he worked in Huntington Station.

4. Allegations of Ramon Martinez.

This affidavit does not attempt to establish any nexus between Mr. Martinez and any of the other restaurant corporations other than the location where he worked at the Huntington Station restaurant.[9]

## III. ARGUMENT

### A. Conditional Collective Action Certification Standards

A collective action under §216(b) of the Fair Labor Standards Act will only be conditionally certified if a plaintiff is able to demonstrate via admissible evidence the existence of a common policy, practice or scheme to violate the FLSA and establishes the existence of similarly situated individuals. The collective action procedure allows similarly situated employees, whose claims are often small and not likely to be brought on an individual basis, to join together and pool their resources to prosecute their claims. Castro v. Spice Place Inc., 2009 W.L. 229952 (S.D.N.Y. Jan. 30, 2009); Hoffman v. Sparrow, Inc., 982 F.Supp. 249 (S.D.N.Y. 1997).

In Castro, defendants were New York corporations that operated and managed six Thai restaurants. The former and current delivery employees of the defendant

[9] See Martinez affidavit, annexed as Exhibit "6" to Plaintiffs' Memorandum of Law

restaurants sought certification of a collective action under the Fair Labor Standards Act 216(b). In support of their claim, the Castro plaintiffs alleged that several of the named plaintiffs were employed at various times by more than one of the defendant restaurants. They submitted some pay stubs issued to a single employee for the same workweek. The plaintiffs' affidavits provided descriptions of the amount of compensation they received. The court held that the fact that defendant restaurants had employed the same individual did not provide a sufficient basis to infer that they had engaged in a common plan or policy to violate the FLSA.

In determining whether certification under the FLSA is appropriate, courts engage in a two step analysis, first looking to the pleadings and affidavits to determine whether plaintiffs have satisfied the minimal burden of showing that the similar situated requirement is met. Barfield v. New York City Health and Hospitals Corporation, 2005 W.L. 3098730 (S.D.N.Y. Nov. 18, 2005). This circuit also looks principally to whether there are: (1) disparate factual and employment settings of the individual plaintiffs, (2) defenses available to defendants which appear to be individual to each plaintiff, and (3) fairness and procedural considerations counseling for or against notification to the class. Guzman v. ULM, Inc., 2007 WL 2994278 (E.D.N.Y. Oct. 11, 1007).

In Barfield, plaintiffs alleged that the New York City Health and Hospitals Corporation, in general, and the Bellevue Hospital Center, in particular, violated the overtime provisions of the FLSA. In Barfield, the plaintiff was unable to establish that the alleged violative practices were "widespread" or that she and other potential plaintiffs together were victims of a common policy or plan that violated the law. In Barfield, the plaintiffs presented nothing but anecdotal hearsay to suggest that there

was a widespread practice of nurses working in excess of 40 hours per week and there was no evidence whatsoever that this was pursuant to a policy.

The court must determine whether there is a factual nexus between the named plaintiffs, the situation of other current and former employees, and as to each and every alleged defendant corporation and individual. Mendoza v. Casa de Cambio Delgado Inc., 2008 W.L. 938584 (S.D.N.Y. April 7, 2008).

In Mendoza, plaintiffs sued their former employer travel agencies for violation of the FLSA. The court determined that the plaintiffs had failed to provide sufficient allegations of the factual nexus between the named plaintiffs and the other punitive class members. In Mendoza, each affidavit stated that the employee either worked as an agent for one of the various defendants and alleged that they worked 66 to 68 hours per week, but were paid for only 52 - 63.5 hours per week, and were never allowed breaks between lunch. The court held that the defects in the affidavits were that the affidavits did not report a factual nexus with the other punitive employees and that the lack of showing of the existence of a similar situation was fatal to the request for certification.

While the proposed class members do not necessarily need to occupy the same positions or perform the same job functions in the same locations, there must be a "demonstrable similarity among the individual situations, ... some identifiable factual nexus which binds the named plaintiffs and potential class members together as victims of a particular alleged discrimination". Colozzi v. St. Joseph's Hospital Health Center, 2009 W.L. 211401 (N.D.N.Y. Jan. 26, 2009), quoting Heagney v. European American Bank, 122 F.R.D.125, 127 (E.D.N.Y. 1988). As set forth in Colozzi, although the

standard which governs the application is "lax" and their burden is "modest",

> "a court must nonetheless take a measured approach when addressing a request for collective action certification, mindful of the potential burden associated with defending against an FLSA claim involving a broadly defined collective group of plaintiffs ... To focus on only one element of an FLSA claim ... gives rise to the potential for overreaching and would result in loss of the efficiencies envisioned by the drafters of the FLSA."

Colozzi, 2009 W.L. 211401 at 7.

In Colozzi, current and former salaried employees of a hospital sued the hospital and related entities and executives alleging that the hospital's policy of automatically deducting meal break time from employees' pay, combined with the need for and expectation that employees would work through meal times, resulted in failure to fully compensate for time worked, in violation of the FLSA.

In Colozzi, the court rejected the existence of a policy practiced throughout the numerous corporations where plaintiffs failed to show that all workers regardless of their shifts, job titles and locations of work were all similarly situated.

Here, as in Colozzi, there is absolutely no sufficient evidence to establish any nexus between the different restaurants to establish a joint enterprise and any connection between all the defendants and the plaintiffs who all work solely at the Huntington Station restaurant. Further, none of the affidavits set forth any semblance

of personal knowledge and are all based upon what was allegedly told to them, heard by them, or other forms of conclusory allegations and inadmissible hearsay.

B. Plaintiffs have not Demonstrated the Existence of a Common Policy or Plan.

In seeking collective action certification, a plaintiff must allege and prove that defendants have maintained a policy requiring the plaintiffs to work more than forty (40) hours per week without providing the minimum wage and overtime compensation required under Federal Law. Here, plaintiffs have not made the necessary showing that the alleged allegations which are wholly conclusory in nature, are a reflection of a common policy maintained by all defendants. See Morales v. Plantworks Inc., 2006 W.L. 278154 (S.D.N.Y. Feb. 2, 2006).

In Morales, the plaintiffs were employed as landscapers by defendant Plantworks. The plaintiffs contended that the defendant maintained a policy and practice of requiring plaintiffs to work more than 40 hours per week without paying their minimum wage in overtime compensation. The court held that the plaintiffs had not met their burden to allow the certification of a class action where there was inadequate additional support for plaintiffs' claims that they were similarly situated to other unnamed employees and that there was some nexus between an alleged common plan or scheme of violation. The court held that the following phrase was conclusory and inappropriate: "They are over 20 current and former employees that are similarly situated to plaintiffs and have been denied minimum wage in overtime compensation while working for the defendants. Plaintiffs are representative of those other workers and are acting on behalf of their interest as well as their own interest in bringing this

action." Here, in this case, as in Morales, the conclusory allegations are almost identical and similarly insufficient.

As the courts have noted, evidence of a common policy to violate the law is particularly significant where, as in Castro, the defendants are distinct corporations and are being lumped together as a joint employer, which characterization is disputed.

Foremost, mere allegations in a complaint or conclusory allegations in an affidavit are not sufficient as a plaintiff must provide actual evidence of a factual nexus between their situation, those which they claim are similarly situated, and the various corporate defendants, rather than mere conclusory allegations. Prizmic v. Armour Inc., 2006 W.L. 1662614 (E.D.N.Y. June 12, 2006). As the courts have recognized, absent such a demonstration "an employer may be unduly burdened by a frivolous fishing expedition conducted by plaintiff at the employer's expense". Prizmic, 2006 W.L. 1662614 at 3, quoting D'anna v. M/A-Com Inc., 903 F.Supp. 889, 893-94 (D.M.d. 1995).

In Prizmic, the plaintiff alleged that he was employed as an asbestos installer by defendants. He alleges that during his employment, he and his fellow insulation installers routinely worked more than 40 hours per week but were not paid time and a half at the regular rate of pay for any hours worked in excess of the 40 hour work week. The court determined that the plaintiff's evidence was insufficient to establish that other potential plaintiffs were victims of a common policy or plan that violated the law. To the contrary, the court held that plaintiff's allegations only supported themselves. The court specified that where the named plaintiff is unable to state clearly and specifically to

whom it is that they contend they are similarly situated, it is impossible for the court to conclude that a collective action certification is warranted.

C. Plaintiffs have not Alleged Similarity between the Huntington Station restaurant where Plaintiffs Work and the Huntington Village or Glen Cove restaurants.

In the event that the court determines that some of the plaintiffs' claims should be conditionally certified, the plaintiffs have not sufficiently alleged or proven that they are in any way similarly situated to any of the employees at the Huntington Village or Glen Cove restaurants, there has been no nexus established to the individual defendants and there is no proof of any similar situation to other classifications of workers.

D. Plaintiffs' Proposed Notice is Inappropriate.

1. The notice is too broad.

In the event the court is inclined to grant conditional certification, the notice should have a two year window, not a six year window as requested by the plaintiffs. The Statute of Limitations under the FLSA is two years, unless the employer's violation was "wilful", in which case it is then three years. The notice should be limited to the standard FLSA limitations of two years. Further, the time period for a notice should be measured from the date of the court's order. Measuring the scope of the class from the date of the complaint rather than from the date of the court's order would result in sending notices to individuals who are barred from asserting claims. See Vaicaitiene v. Partners in Care Inc., 2005 W.L. 1593053 (S.D.N.Y. July 6, 2005).

2. The notice must inform the punitive class of their rights and responsibilities.

The content of the notice should be balanced, summarizing not only the

claims but also the defenses. The notice should include a statement that the individuals who opt in will be subject to discovery obligations, depositions, trial testimony, and they should be warned that they could be liable for the defense costs in defending the case, and they should be required to sign the form under penalties of perjury. Further, the prospective opt-in plaintiff should not be required to designate plaintiff's law firm as their counsel, and the notice should state that opt-in plaintiffs are entitled to retain their own counsel, as they are not required to accept representation by plaintiff's counsel in order to participate in this case.

3. The notice should be limited to the Pancho Villa's located in Huntington Station, NY.

As previously set forth, the notice should be limited to only those who were employed at the Pancho Villa's location in Huntington Station, NY, and any reference to the Huntington Village location, the Glen Cove location, or the individual defendants, should be removed.

4. There has been no demonstration that the purported class of representatives are adequate.

There has been no basis whatsoever to support the plaintiffs' allegations that Antonio Garcia, Jose Amaya, Neptali Amaya and Ramon Martinez are capable and qualified to act as the agents of any purported class. There should be no reference to the names of the individual plaintiffs as being an "agent" until such a determination has been made by this court.

5. There should be no reference to the State Law claims.

In footnote No. 1, the plaintiffs refer to the State Law claim, which is not the subject of the instant motion and such reference should be deleted.

6. Posting is not necessary nor appropriate.

In the event that the court issues a certification, it should set forth that posting is not necessary, but in fact prohibited. Mailing the notice to the potential class members rather than posting them at the location is sufficient to provide the potential opt-in plaintiffs with the requested and required notice.

## IV. Conclusion

For all the foregoing reasons, the defendants respectfully request that the court deny the plaintiffs' motion for a conditional certification as an FLSA collective action as there has been no demonstration that the plaintiffs are similarly situated or that there is a nexus between the plaintiffs and all of the defendants. Furthermore, in the event that the court does issue certification, it is respectfully requested that the court modify the Notice of Pendency as set forth herein and otherwise deny the plaintiffs' motion in all respects.

Yours, etc.,

KUSHNICK & ASSOCIATES, P.C.

By: /s/ Lawrence A. Kushnick
Lawrence A. Kushnick, Esq. (LAK 2146)
*Attorneys for Defendants*
445 Broad Hollow Road, Suite 124
Melville, New York 11747
(631) 752-7100

TO:

Troy L. Kessler, Esq.

MISIANO SHULMAN CAPETOLA & KESSLER, LLP
Attorneys for Plaintiffs
510 Broad hollow Road, Suite 110
Melville, New York 11747