UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------------X
ANTONIO GARCIA, JOSE AMAYA, NEPTALI AMAYA,
on behalf of themselves, and all others similarly situated,

                                  Plaintiff(s),        MEMORANDUM
                                                       OPINION AND ORDER

            -against-                                  CV 09-486 (SJF) (ETB)

PANCHO VILLA'S OF HUNTINGTON VILLAGE, INC.,
PANCHO VILLA'S OF HUNTINGTON STATION, INC.,
VILLA'S PANCHO INC., PANCHO VILLA'S OF GLEN
COVE, INC., AGOSTINO ABBATVELLO, an individual
and ABOSTINO ABBATVELLO, JR., an individual,

                                  Defendant(s).
----------------------------------------------------------------------------X

     Before the court is the plaintiffs' motion to conditionally authorize a collective action, pursuant to Section 216 of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 et seq. Plaintiffs also request an order directing the defendants to furnish the names and last known addresses of those individuals in the collective action as well as authorization to post and circulate a Notice of Pendency and Consent to Join form to similarly situated individuals. Defendants oppose plaintiffs' motion on the ground that plaintiffs have failed to demonstrate that the potential class members are similarly situated. Defendants also challenge the proposed Notice of Pendency submitted by plaintiffs. For the following reasons, plaintiffs' motion is granted.

FACTS

This action commenced with the filing of a Complaint on February 6, 2009. An Amended Complaint was filed on March 26, 2009.

Plaintiffs, Antonio Garcia ("Garcia"), Jose Amaya ("J. Amaya") and Neptali Amaya ("N. Amaya") (collectively referred to as "plaintiffs"), are all current or former employees of defendant Pancho Villa's of Huntington Station, Inc. ("Pancho Villa's Huntington Station"), which was formerly owned by defendant Agostino Abbatiello ("Abbatiello, Sr.") (sued herein as "Agostino Abbatvello") and is currently owned by defendant Agostino Abbatiello, Jr. ("Abbatiello, Jr.") (sued herein as "Agostino Abbatvello, Jr.").[1] Garcia was employed by defendants from September 2002 to January 2009 and again from March 2009 to the present, J. Amaya has been employed since December 2003, and N. Amaya was employed from March 2006 to April 2008. (Garcia Aff. ¶ 4; J. Amaya Aff. ¶ 4; N. Amaya Aff. ¶ 4.) During their employment, plaintiffs all assisted in the preparation and service of food and drinks, the dishwashing and cleaning of the restaurant, as well as general inventory and maintenance tasks. (Am. Compl. ¶¶ 14, 16, 18.)

Plaintiffs allege that they were denied overtime pay for hours worked in excess of forty hours per week. (Am. Compl. ¶¶ 135, 139, 143.) Plaintiffs allege that they all worked more than forty hours per week for most of their employment, with Garcia alleging that he often worked more than seventy hours per week, J. Amaya alleging that he often worked more than fifty hours per week and N. Amaya alleging that he often worked more than eighty hours per week. (Am.

---

[1] The Abbatiellos also own two other Pancho Villa's locations - one in Huntington Village ("Pancho Villa's Huntington Village") and one in Glen Cove ("Pancho Villa's Glen Cove") - both of which are named as defendants in the within action.

Compl. ¶¶ 134, 138, 142.) Plaintiffs allege that they were not compensated at a rate of one and one-half times their regular pay rate for those hours worked in excess of forty, as required by law. (Am. Compl. ¶¶ 135, 139, 143.) Plaintiffs further allege that other similarly situated employees have been unlawfully denied overtime compensation as well. (Am. Compl. 164-66.)

Plaintiffs bring this action pursuant to the FLSA, alleging that defendants' failure to pay them for their overtime hours violates Section 207 of that Act, as well as Section 650 of the New York Labor Law, 12 N.Y.C.R.R. § 137. Plaintiffs also allege that defendants failed to pay them minimum wage, in violation of the FLSA, 29 U.S.C. § 203, and New York Labor Law § 650. Plaintiffs further allege spread of hours violations, as well as unlawful tip retention and wage reduction by defendants, in violation of the New York Labor Law. Finally, plaintiffs allege retaliation, pursuant to the FLSA, 29 U.S.C. § 215, and New York Labor Law § 215.

Plaintiffs now seek conditional authorization to proceed as a collective action, pursuant to FLSA § 216, as well as permission to post and circulate their proposed Notice of Pendency and Consent to Join forms to former and current employees of defendants - who have been or are employed at all three locations - for the six years prior to the commencement of this action so that such similarly situated employees may be apprised of the within action and opt to join the litigation, if they so choose. This motion was initially filed on June 11, 2009. Oral argument was held before the undersigned on June 29, 2009, at which time the parties were afforded the right to conduct limited discovery - with respect to the issue of conditional certification - and to supplement their motion papers. (Order of Boyle J., dated June 29, 2009.) The parties did so and their supplemental papers were received by the Court in November and December 2009.

DISCUSSION

I.  The Collective Action Standard

Section 216(b) of the FLSA provides a private right of action to recover unpaid overtime compensation "against any employer . . . by any one or more employees for and on behalf of himself or themselves and other employees similarly situated." 29 U.S.C. § 216(b). An employee cannot become a party to such an action, however, unless he or she provides consent, in writing, and such consent is filed in the court where the action is pending. See id.; see also Patton v. Thomson Corp., 364 F. Supp. 2d 263, 266 (E.D.N.Y. 2005) ("[O]ther employees can become plaintiffs, and thereby be bound by the action's determination, only by affirmatively acting to do so."). Courts have discretion to authorize sending notice to potential plaintiffs in a collective action. See Sobczak v. AWL Indus., Inc., 540 F. Supp. 2d 354, 362 (E.D.N.Y. 2007) (citation omitted).

The "threshold issue" in deciding whether to authorize class notice in an FLSA action is whether plaintiffs have demonstrated that the potential class members are "similarly situated." Patton, 364 F. Supp. 2d at 266-67 (citing Hoffmann v. Sbarro, Inc., 982 F. Supp. 249, 261 (S.D.N.Y. 1997)); see also Sobczak, 540 F. Supp. 2d at 362 (citing cases). Although the term "similarly situated" is not defined in the FLSA or its implementing regulations, courts have interpreted it to require plaintiffs to make "a modest factual showing sufficient to demonstrate that they and potential plaintiffs together were victims of a common policy or plan that violated the law." Sobczak, 540 F. Supp. 2d at 362 (quoting Hoffmann, 982 F. Supp. at 261) (additional citations omitted); see also Patton, 364 F. Supp. 2d at 267. "This burden 'is not a stringent one, and the Court need only reach a preliminary determination that potential plaintiffs are similarly

situated.'" Patton, 364 F. Supp. 2d at 267 (quoting Hoffmann, 982 F. Supp. at 261); see also Sobczak, 540 F. Supp. 2d at 362 (stating that "[t]he burden at this initial stage is minimal"). A named plaintiff is not required to show "an actual FLSA violation" at this stage, but rather only that "a 'factual nexus' exists between the plaintiff's situation and the situation of other potential plaintiffs." Sobczak, 540 F. Supp. 2d at 362 (quoting Wraga v. Marble Lite Inc., No. 05 Civ. 5038, 2006 U.S. Dist. LEXIS 60457, 2006 WL 2443554, at *1 (E.D.N.Y. Aug. 22, 2006)); see also Jackson v. N.Y. Telephone Co., 163 F.R.D. 429, 431 (S.D.N.Y. 1995) (stating that "plaintiffs are only required to demonstrate a factual nexus that supports a finding that potential plaintiffs were subjected to a common discriminatory scheme").

Plaintiffs in the instant action have amply satisfied their burden. In addition to the affidavits of Garcia, J. Amaya, and N. Amaya, plaintiffs have also provided the Court with the affidavit of Ramon Martinez ("Martinez") - an opt-in plaintiff - and the deposition transcripts of defendants Abbatiello, Sr. and Abbatiello, Jr. Defendants have also provided the Court with the deposition transcripts of two of the opt-in plaintiffs - Evana Romero ("Romero") and Alvaro Santos ("Santos"). Having reviewed these submissions, the Court finds that the named plaintiffs and the potential plaintiffs are indeed similarly situated.

As demonstrated by plaintiffs' affidavits, all of the plaintiffs currently perform, or performed in the past, one or more of the following duties during their employment at Pancho Villa's Huntington Station: assisted in the preparation and service of food and drinks; cleaned the restaurant, including washing dishes; assisted in the organization and unloading of food and drink deliveries; and, performed general maintenance around the restaurant. (Garcia Aff. ¶ 5; J. Amaya Aff. ¶ 5; N. Amaya Aff. ¶ 5; Martinez Aff. ¶ 5.) All of the plaintiffs assert that they

routinely work or have worked in excess of forty hours per week during their assigned shifts but were not provided overtime compensation for those excess hours. (Garcia Aff. ¶¶ 6, 8; J. Amaya Aff. ¶¶ 6, 8; N. Amaya Aff. ¶¶ 6, 8; Martinez Aff. ¶¶ 6, 8.) Moreover, all of the plaintiffs have provided the names of multiple other employees whom they claim performed the same or similar work, but who were also not paid appropriate overtime compensation. (Garcia Aff. ¶¶ 10, 13; J. Amaya Aff. ¶¶ 15, 18; N. Amaya Aff. ¶¶ 10, 12; Martinez Aff. ¶ 10.) Such a factual showing has been held to be sufficient by other courts in certifying collective actions. See, e.g., Sobczak, 540 F. Supp. 2d at 363; Patton, 364 F. Supp. 2d at 267.

Defendants assert that the affidavits offered by the plaintiffs are insufficient to establish the required factual nexus here because they contain conclusory allegations. (Def. Mem. of Law 10-11.) This argument is without merit and has been explicitly rejected by other courts to consider the issue. See, e.g., Sobczak, 540 F. Supp. 2d at 363 (stating that "[d]efendants' argument that the [plaintiffs'] affidavits are insufficient to satisfy the burden for a notice to be sent because they present mere conclusory allegations is inaccurate"). "[C]ourts regularly grant motions for approval of a collective action notice based upon employee affidavits setting forth a defendant's plan or scheme to not pay overtime compensation and identifying by name similarly situated employees." Id. at 362 (quotation and internal quotation marks omitted); see also Cano v. Four M Food Corp, No. 08-CV-3005, 2009 U.S. Dist. LEXIS 7780, at *17 (E.D.N.Y. Feb. 3, 2009) (finding that plaintiffs' affidavits containing "statements setting forth defendants' common denial of overtime pay, the named plaintiffs' personal knowledge of and the names of other co-workers who were allegedly subject to the same denial of overtime pay" demonstrated a "sufficient factual basis" that the named plaintiffs and the potential plaintiffs were similarly

situated); Wraga, 2006 WL 2443554, at *2 (granting motion to certify collective action based on plaintiff's affidavit alleging failure to pay overtime for hours worked in excess of forty where plaintiff stated that he was aware, based on personal conversations, of at least eighteen other employees who were similarly situated).

Defendants also assert that because all of the named plaintiffs are or were employees of Pancho Villa's Huntington Station, they have not established that they are similarly situated to any of the employees of Pancho Villa's Huntington Village or Pancho Villa's Glen Cove. (Def. Mem. of Law 11.) However, the depositions of Abbatiello, Sr. and Abbatiello, Jr. demonstrate that all three locations are owned by the Abbatiellos, with Abbatiello, Sr. maintaining ownership from 2001 to 2006 and Abbatiello, Jr. assuming ownership in 2006. (Abbatiello, Sr. Dep., dated Sept. 9, 2009, 21-26; Abbatiello, Jr. Dep., dated Sept. 10, 2009, 10; Abbatiello, Jr. Dep., dated Sept. 22, 2009, 47-48.) In addition, the payroll checks, as well as the gross receipts, for all three locations have been and continue to be sent to the Huntington Village location on a weekly basis. (Abbatiello, Sr. Dep., dated Sept. 9, 2009, 120-21, 127; Abbatiello, Sr. Dep., dated Sept. 10, 2009, 89, 38-39; Abbatiello, Jr. Dep., dated Sept. 22, 2009, 60, 119.)

Both Abbatiello, Sr. and Abbatiello, Jr. testified that employees were shared between the three Pancho Villa's locations, (Abbatiello, Sr. Dep., dated Sept. 9, 2009, 99; Abbatiello, Sr. Dep., dated Sept. 10, 2009, 193; Abbatiello, Jr. Dep., dated Sept. 22, 2009, 163-64, 170), and that certain employees in all three locations were paid at least part of their wages in cash. (Abbatiello, Sr. Dep, dated Sept. 9, 2009, 189-90, 216; Abbatiello, Sr. Dep., dated Sept. 10, 2009, 40; Abbatiello, Jr. Dep., dated Sept. 10, 2009, 94-95; Abbatiello, Jr. Dep., dated Sept. 22, 2009, 87, 93.) Moreover, the deposition transcript of opt-in plaintiff Alvara Santos demonstrates

that he was employed at the Glen Cove location for approximately six years, during which time he alleges that he was not paid appropriate overtime compensation. (Santos Dep. 7-10.) Finally, both Garcia and J. Amaya state in their affidavits that they know of at least one co-worker at the Huntington Village location, Silvia Garcia, who was not properly compensated for overtime hours. (Garcia Aff. ¶ 11; J. Amaya Aff. ¶ 16.)

Based on the foregoing, I find that plaintiffs have satisfied their modest burden of demonstrating that the class of potential plaintiffs is similarly situated.[2]

II.     Class of Plaintiffs

Plaintiffs seek to notify all current employees of Pancho Villa's - at all three locations - as well as those who have been employed by defendants within the six years prior to the commencement of the within action. Defendants, however, argue that the notice period should be limited to only those potential plaintiffs who were employed by Pancho Villa's within the last two years.

"The FLSA has a two-year statute of limitations except in the case of willful violations, for which the statute of limitations is three years." Cohen v. Gerson Lehrman Group, Inc., No. 09 CV 4352, 2010 U.S. Dist. LEXIS 1666, at *35 (S.D.N.Y. Jan. 6, 2010) (citing 29 U.S.C. §

---

[2] Defendants attempt to exclude the current and former employees of the Huntington Village location from the class of potential plaintiffs based on the deposition testimony of Evana Romero ("Romero"), a former employee of Pancho Villa's Huntington Village, who testified that she never worked more than eight hours per day during her employment with defendants. (Romero Dep. 13-15.) However, whether Romero has a viable claim is not before the Court at this time and the Court need not evaluate the merits of plaintiffs' claims at this stage of the litigation. See Hoffmann, 982 F. Supp. at 262. Based on the evidence presented, I find that there is a sufficient factual showing to establish a nexus between all three Pancho Villa's locations for purposes of defining the potential class of plaintiffs.

255(a)); see also Harrington v. Educ. Mgmt. Corp., No. 02-0787, 2002 U.S. Dist. LEXIS 10966, at *5 (S.D.N.Y. June 18, 2002) ("The FLSA provides a two-year statute of limitations for claims brought under the statute, but allows an additional year for willful violations."). Plaintiffs herein seek to extend notice to potential plaintiffs under the three-year limitations period for which they are seeking relief. Additionally, plaintiffs allege claims pursuant to the New York Labor Law, which provides for a six-year statute of limitations. See N.Y. Lab. Law § 663(3). Accordingly, plaintiffs request a six-year notice period.

Notice to all former employees, going back six years, has been authorized where plaintiffs seek relief under both the FLSA and the New York Labor Law. See Harrington, 2002 U.S. Dist. LEXIS 10966, at *5; Realite v. Ark Restaurants Corp., 7 F. Supp. 2d 303, 308 n.4 (S.D.N.Y. 1998). Since plaintiffs here are alleging violations under the FLSA and the New York Labor Law, it is appropriate for plaintiffs to be permitted to notify all former employees within six years from the date of the commencement of this action. "Even though district courts in this Circuit have granted both six and three year periods in similar cases, this Court finds it prudent and expedient in this case to allow a six-year period to apply, even if some recipients of the notice will have claims that are time-barred under the FLSA." Cano, 2009 U.S. Dist. LEXIS 7780, at *29-30. Accordingly, plaintiffs' request for a six-year notice period is granted.

III. Plaintiffs' Motion to Compel the Production of Names and Addresses

Plaintiffs also request an order "[c]ompelling defendants to furnish the names and last known physical addresses of those individuals in the collective action." (Kessler Decl., dated Apr. 17, 2009, ¶ 2(2).) "Courts often grant this kind of request in connection with a conditional

certification of an FLSA collective action, and this Court concludes such a request is appropriate in this case." Cano, 2009 U.S. Dist. LEXIS 7780, at *35 (collecting cases). Accordingly, defendants are directed to provide the requested information to the plaintiffs within ten (10) days of the date of this Order.

IV.     The Notice of Pendency

The FLSA vests the district court with broad discretion with respect to the content of the Notice of Pendency to be provided to potential class members. See Delaney v. Geisha NYC, LLC, 261 F.R.D. 55, 55 (S.D.N.Y. 2009). "Courts consider the overarching policies of the collective suit provisions' and whether the proposed notice provides 'accurate and timely notice concerning the pendency of the collective action, so that [an individual receiving the notice] can make an informed decision about whether to participate." Delaney, 261 F.R.D. at 55 (quoting Fasanelli v. Heartland Brewery, Inc., 516 F. Supp. 2d 317, 322 (S.D.N.Y. 2007)) (alteration in original).

Plaintiffs have provided the Court with a proposed Notice of Pendency and Consent to Join form (the "Notice"). Defendants have made several objections to the proposed Notice. Having reviewed the proposed Notice, defendants' objections, and relevant cases on this issue, the Court approves the plaintiffs' proposed Notice, with one modification. Specifically, the proposed Notice states as follows: "If you choose to join this suit, and agree to be represented by the plaintiffs' attorneys, your counsel in this action will be Misiano Schulman Capetola & Kessler, LLP." (Proposed Notice ¶ 5.) As defendants point out, proposed plaintiffs are not required to accept plaintiffs' counsel as their own and, as currently drafted, the proposed Notice

fails to make that clear. Accordingly, plaintiffs are directed to modify the proposed Notice so that potential plaintiffs are informed that they may retain their own counsel, should they choose to join the within litigation, as an alternative to plaintiffs' counsel's firm. See Soler v. G&U, Inc., 86 F.R.D. 524, 530 (S.D.N.Y. 1980) ("The workers should be informed that they may retain their own counsel . . . ."); Delaney, 261 F.R.D. at 55 ("Because the notice states that opt-in plaintiffs can select their own counsel, there is only a minimal risk that opt-in plaintiffs will be discouraged from seeking their own counsel.").

Defendants' contend that the notice "should include a statement that the individuals who opt in will be subject to discovery obligations, depositions, trial testimony, and they should be warned that they could be liable for the defense costs in defending the case, and they should be required to sign the form under penalties of perjury." (Def. Mem. of Law 12.) However, defendants do not offer a single case in which the form of notice they propose has been used. In fact, the exact same suggestion was recently rejected by a court in the Southern District of New York. See Delaney, 261 F.R.D. at 55 (rejecting defendants' objections to proposed notice and stating that "[d]efendants cite no other Court that has required a notice to warn opt-in plaintiffs of potential discovery obligations and liability for Defendants' costs or required plaintiffs to sign the consent form on penalty of perjury.") Moreover, while defendants object to the posting of the Notice at their business locations - and request an order prohibiting it - such a practice has been routinely approved in other cases. See, e.g., Malloy v. Richard Fleischman & Assoc. Inc., No. 09 Civ. 322, 2009 U.S. Dist. LEXIS 51790, at *11 (S.D.N.Y. June 3, 2009) (requiring defendant to post the notice of pendency "in each workplace where potential collective action members are employed"); Rubery v. Buth-Na-Bodhaige, Inc., 569 F. Supp. 2d 334, 338 (W.D.N.Y. 2008)

(requiring defendant to post a copy of the class notice on "each of its employee common area bulletin boards"); Sherrill v. Sutherland Global Servs., Inc., 487 F. Supp. 2d 344, 351 (W.D.N.Y. 2007) (requiring defendant to "post continuous notice of this action . . . in a conspicuous location in each of its call centers"); Soler, 86 F.R.D. at 531 (authorizing plaintiffs to post and mail their notice of pendency).

Based on the foregoing, plaintiffs' proposed Notice of Pendency and Consent to Join Form is approved, subject to the modification discussed above, and plaintiffs are authorized to circulate the Notice to all potential class members. Plaintiffs are further authorized to post the Notice at all three of defendants' business locations.

CONCLUSION

For the foregoing reasons, plaintiffs' motion to for conditional authorization to proceed as a collective action is granted. Defendants are directed to furnish plaintiffs, within ten (10) days of the date of this Order, with the names and last known physical addresses of those individuals who may be potential plaintiffs in this action. Plaintiffs' proposed Notice of Pendency and Consent to Join Form is hereby approved, subject to the modification discussed herein. Finally, plaintiffs are authorized to circulate their Notice of Pendency and Consent to Join Form to all current and former employees of defendants who have been employed within six years prior to the commencement of the within action. Plaintiffs are further authorized to post the Notice of Pendency at all three Pancho Villa's locations named as defendants herein.

**SO ORDERED:**

Dated: Central Islip, New York
January 15, 2010

                                                /s/ E. Thomas Boyle
                                                E. THOMAS BOYLE
                                                United States Magistrate Judge