UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------------------X
ANTONIO GARCIA, JOSE AMAYA, NEPTALI AMAYA,
on behalf of themselves, and all others similarly situated,

                           Plaintiff(s),       MEMORANDUM
                                              OPINION AND ORDER

       -against-                         CV 09-486 (SJF) (ETB)

PANCHO VILLA'S OF HUNTINGTON VILLAGE, INC.,
PANCHO VILLA'S OF HUNTINGTON STATION, INC.,
VILLA'S PANCHO INC., PANCHO VILLA'S OF GLEN
COVE, INC., AGOSTINO ABBATVELLO, an individual
and AGOSTINO ABBATVELLO, JR., an individual,

                           Defendant(s).
---------------------------------------------------------------------------X

Before the court is the plaintiffs' motion to amend their Summons and Complaint a second time to include six additional plaintiffs and five additional defendants. Defendants oppose plaintiffs' motion on the grounds that it is futile and that permitting the amendment would prejudice defendants. For the following reasons, plaintiffs' motion to amend is granted.

## FACTS

This action commenced with the filing of a Complaint on February 6, 2009. An Amended Complaint was filed on March 26, 2009. The allegations of the Proposed Second Amended Complaint are substantially the same as those contained in the Amended Complaint, with the addition of six new plaintiffs and five new defendants.

Plaintiffs, Antonio Garcia ("Garcia"), Jose Amaya ("J. Amaya") and Neptali Amaya ("N.

Amaya") (collectively referred to as "plaintiffs"), are all current or former employees of defendant Pancho Villa's of Huntington Station, Inc. ("Pancho Villa's Huntington Station"), which was formerly owned by defendant Agostino Abbatiello ("Abbatiello, Sr.") (sued herein as "Agostino Abbatvello") and is currently owned by defendant Agostino Abbatiello, Jr. ("Abbatiello, Jr.") (sued herein as "Agostino Abbatvello, Jr.").[1] Garcia was employed by defendants from July 2000 to January 2009 and again from February 2009 to the present, J. Amaya was employed from December 2003 to September 2009, and N. Amaya was employed from May 2006 to April 2008. (Proposed 2d Am. Compl. ¶¶ 25, 27, 29.) During the course of their employment, plaintiffs all assisted in the preparation and service of food and drinks, the dishwashing and cleaning of the restaurant, as well as general inventory and maintenance tasks. (Proposed 2d Am. Compl. ¶¶ 26, 28, 30.)

Plaintiffs allege that they were denied overtime pay for hours worked in excess of forty hours per week. (Proposed 2d Am. Compl. ¶¶ 245, 249, 253.) Plaintiffs allege that they all worked more than forty hours per week for most of their employment, with Garcia alleging that he often worked more than seventy hours per week, J. Amaya alleging that he often worked more than fifty hours per week and N. Amaya alleging that he often worked more than eighty hours per week. (Proposed 2d Am. Compl. ¶¶ 244, 248, 252.) Plaintiffs allege that they were not compensated at a rate of one and one-half times their regular pay rate for those hours worked in excess of forty, as required by law. (Proposed 2d Am. Compl. ¶¶ 245, 249, 253.) Plaintiffs further allege that other similarly situated employees have been unlawfully denied overtime

---

[1] The Abbatiellos also own two other Pancho Villa's locations - one in Huntington Village ("Pancho Villa's Huntington Village") and one in Glen Cove ("Pancho Villa's Glen Cove") - both of which are named as defendants in the within action.

compensation as well. (Proposed 2d Am. Compl. ¶ 309.)

Plaintiffs bring this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 et seq., alleging that defendants' failure to pay them for their overtime hours violates Section 207 of that Act, as well as Section 650 of the New York Labor Law, 12 N.Y.C.R.R. § 137. Plaintiffs also allege that defendants failed to pay them minimum wage, in violation of the FLSA, 29 U.S.C. § 203, and New York Labor Law § 650. Plaintiffs further allege spread of hours violations, as well as unlawful tip retention and wage reduction by defendants, in violation of the New York Labor Law. Finally, plaintiffs allege retaliation, pursuant to the FLSA, 29 U.S.C. § 215, and New York Labor Law § 215.

Plaintiffs now seek to amend their Complaint to add the claims of six additional plaintiffs, all of whom are alleged to be similarly situated to the plaintiffs already named in the action. Specifically, plaintiffs seek to add the following: (1) Ramon Martinez ("Martinez"), who has been employed by defendants from April 2008 to the present and who is alleged to have worked more than seventy hours per week without receiving overtime compensation or minimum wage, (Proposed 2d Am. Compl. ¶¶ 31, 256-57, 272); (2) Vilma Aparicio ("Aparicio"), who was employed by defendants from August 2004 to May 2008 and who is alleged to have worked more than fifty-five hours per week without receiving overtime compensation or minimum wage, (Proposed 2d Am. Compl. ¶¶ 33, 260-61, 273); (3) Rosa Fuentes ("Fuentes"), who has been employed by defendants from November 2008 to the present and who is alleged to have not been paid minimum wage, (Proposed 2d Am. Compl. ¶¶ 35, 274); (4) Luis Lopez ("Lopez"), who has been employed by defendants from November 2008 to the present and who is alleged to have worked more than fifty hours per week without receiving overtime compensation or minimum

wage, (Proposed 2d Am. Compl. ¶¶ 37, 264-65, 275); (5) Alvaro Santos ("Santos"), who was employed by defendants from June 2003 to November 2008 and who is alleged to have worked more than sixty hours per week without receiving overtime compensation or minimum wage, (Proposed 2d Am. Compl. ¶¶ 39, 268-69, 276); and, (6) Evana Romero ("Romero"), who was employed by defendants from June 2007 to February 2009 and who is alleged to have not been paid minimum wage. (Proposed 2d Am. Compl. ¶¶ 41, 277.) Aparicio, Fuentes, Lopez and Romero are also alleged to have been required to pay a portion of their gratuities to their manager at defendant Pancho Villa's Huntington Station, Paul Rodriguez ("Rodriguez"), whom plaintiffs seek to add as a defendant to this action. (Proposed 2d Am. Compl. ¶¶ 195, 294-97.)

In addition to Rodriguez, plaintiffs seek to add four other defendants: (1) 107 Pancho Restaurant Corp., which plaintiffs allege is the corporate entity that owned and operated defendant Pancho Villa's Huntington Station from 2003 to 2006, (Kessler Decl. ¶ 7; Proposed 2d Am. Compl. ¶¶ 63-67); (2) Pancho's Restaurant of Glen Cove, Inc., which plaintiffs allege is the corporate entity that owned and operated defendant Pancho Villa's Glen Cove from 2003 to 2006, (Kessler Decl. ¶ 7; Proposed 2d Am. Compl. ¶¶ 68-72); (3) Carlos Batista ("Batista"), whom plaintiffs allege is the former manager of defendant Pancho Villa's Glen Cove, (Proposed 2d Am. Compl. ¶ 215); and, (4) John "Doe," whom plaintiffs allege is the current manager of Pancho Villa's Glen Cove. (Proposed 2d Am. Compl. ¶ 221.)

Defendants oppose plaintiffs' motion on two grounds: (1) that the statute of limitations has expired for plaintiffs' FLSA claims against the new defendants; and, (2) that permitting

joinder of new parties at this stage would be unfairly prejudicial to defendants.[2] Defendants further assert that because amendment should be denied with respect to plaintiffs' federal claims, the Court to should decline to exercise supplemental jurisdiction over the state law claims.

DISCUSSION

I.    Legal Standard

Federal Rule of Civil Procedure 15(a) governs the amendment of pleadings and provides that "a party may amend the party's pleading only by leave of court or by written consent of the other party; and leave shall be given as justice so requires." Fed. R. Civ. P. 15(a). The decision to allow such leave is firmly within the discretion of the district court. See Liberty Mut. Ins. Co. v. First Brighton Transp. Mgmt., No. 07 CV 715, 2008 U.S. Dist. LEXIS 31791, at *11-12 (E.D.N.Y. Apr. 16, 2008) (citing Zenith Radio Corp. v. Hazeltine Research, Inc., 401 U.S. 321, 330 (1971)). Leave to amend is generally granted unless there appears to be bad faith or unnecessary delay on the part of the movant, or permitting the proposed amendment would be futile. See Foman v. Davis, 371 U.S. 178, 182 (1962).

In determining whether to grant leave to amend, the court applies the same standard as that for a motion to dismiss under Rule 12(b)(6). See Dougherty v. Town of N. Hempstead Bd. of Zoning Appeals, 282 F.3d 83, 88 (2d Cir. 2002). In order to defeat a Rule 12(b)(6) motion, an

---

[2] A third ground for opposition asserted by defendants is that because each of the plaintiffs' claims are "separate and distinct," proceeding collectively against various defendants is likely to result in juror confusion. By Memorandum Opinion and Order dated January 15, 2010 - subsequent to the filing of the within motion - the Court found the plaintiffs to be similarly situated and conditionally authorized this case to proceed as a collective action. In light of that decision, defendants' opposition on the ground of juror confusion is moot and need not be addressed.

individual must plead only enough facts to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, __ U.S. __, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). As such, "[t]he court must construe the facts alleged by the party proposing the amendment to be true and view them in the most favorable light." Hartman v. County of Nassau, No. 04 CV 1784, 2008 U.S. Dist. LEXIS 34729, at *55 (E.D.N.Y. Apr. 28, 2008) (citing Narvarte v. Chase Manhattan Bank, N.A., No. 96 CV 8133, 1998 U.S. Dist. LEXIS 15530, at *1 (S.D.N.Y. Oct. 1, 1998)).

The party opposing amendment bears the burden of demonstrating that leave to amend would be prejudicial or futile. See Blaskiewicz v. County of Suffolk, 29 F. Supp. 2d 134, 137 (E.D.N.Y. 1998) (citation omitted). The issue is not whether plaintiff will ultimately prevail but whether he is entitled to offer evidence to support the claims asserted. See Luparello v. Inc. Vill. of Garden City, 290 F. Supp. 2d 341, 343 (E.D.N.Y. 2003); see also Villager Pond, Inc. v. Town of Darien, 56 F.3d 375, 378 (2d Cir. 1995). In making this determination, the court should not consider the merits of a claim or defense unless the amendment is "clearly frivolous or legally insufficient on its face." Blaskiewicz, 29 F. Supp. 2d at 138 (quoting Northbrook Nat'l Ins. Co. v. J&R Vending Corp., 167 F.R.D. 643, 647 (E.D.N.Y. 1996) (additional citation omitted). "'If the [movant] has at least colorable grounds for relief, justice . . . require[s]' that the court grant leave to amend a complaint." Blaskiewicz, 29 F. Supp. 2d at 138 (quoting Golden Trade, S.r.L. v. Jordache, 143 F.R.D. 504, 506 (S.D.N.Y. 1992) (additional citation omitted) (alteration in original).

"To the extent a proposed amendment would add new parties, the motion is technically governed by Rule 21, which provides that 'the court may at any time, on just terms, add or drop a

party,' rather than Rule 15(a)." Duling v. Gristede's Operating Corp., No. 06 Civ. 10197, 2010 U.S. Dist. LEXIS 1306, at *8-9 (S.D.N.Y. Jan. 8, 2010) (quoting Fed. R. Civ. P. 21) (additional citation omitted); see also Lawrence v. Starbucks Corp., No. 08 Civ. 3734, 2009 U.S. Dist. LEXIS 114909, a *7 (S.D.N.Y. Dec. 10, 2009) ("Where, as here, a proposed amendment adds new parties, the propriety of amendment is governed by Rule 21 of the Federal Rules of Civil Procedure."). However, the "same standard of liberality" applies under either Rule. Duling, 2010 U.S. Dist. LEXIS 1306, at *9 (quoting FTD Corp. v. Banker's Trust Co., 954 F. Supp. 106, 109 (S.D.N.Y. 1997); Lawrence, 2009 U.S. Dist. LEXIS 114909, at *8 (quoting Soler v. G&U, Inc., 86 F.R.D. 524, 528 (S.D.N.Y. 1980)).

II.     Defendants' Arguments

   A.     Statute of Limitations

"The FLSA has a two-year statute of limitations except in the case of willful violations, for which the statute of limitations is three years." Cohen v. Gerson Lehrman Group, Inc., No. 09 CV 4352, 2010 U.S. Dist. LEXIS 1666, at *35 (S.D.N.Y. Jan. 6, 2010) (citing 29 U.S.C. § 255(a)); see also Harrington v. Educ. Mgmt. Corp., No. 02-0787, 2002 U.S. Dist. LEXIS 10966, at *5 (S.D.N.Y. June 18, 2002) ("The FLSA provides a two-year statute of limitations for claims brought under the statute, but allows an additional year for willful violations."). Defendants assert that permitting plaintiffs to amend their Complaint to add claims against the proposed corporate defendants would be futile since it is undisputed that those entities ceased owning or operating the Pancho Villa's locations in April 2006 and therefore, any claims

against them are time-barred.[3]

The statute of limitations may be equitably tolled, however, "to avoid inequitable circumstances." Ramirez v. Rifkin, 568 F. Supp. 2d 262, 269 (E.D.N.Y. 2008) (quoting Johnson v. Nyack Hosp., 86 F.3d 8, 12 (2d Cir. 1996)). "Equitable tolling is generally considered appropriate in situations where the complainant has 'actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass." Ramirez, 568 F. Supp. 2d at 269 (quoting Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 96 (1990)) (additional quotation omitted). Plaintiffs assert that the statute of limitations should be equitably tolled here because defendants failed to comply with the FLSA's posting requirement, which mandates that employers "post and keep posted a notice explaining the Act . . . in conspicuous places in every establishment where . . . employees are employed so as to permit them to observe readily a copy." 29 C.F.R. § 516.4.

"Whether the failure to disclose or post a notice in and of itself is sufficient to warrant equitable tolling has not been addressed by the Second Circuit." Ramirez, 568 F. Supp. 2d at 269. Moreover, district courts within this Circuit disagree on the issue. See id. (comparing cases). However, some courts have held that "[t]he failure to post such notice equitably tolls the statute of limitations until the employee has actual notice of his or her rights under the FLSA." Summa v. Hofstra Univ., No. CV 07-3307, 2008 U.S. Dist. LEXIS 62591, at *15 (E.D.N.Y. Aug. 14, 2008) (citing cases).

---

[3] The Court notes that defendants do not raise any statute of limitation issue with respect to the individual defendants, Rodriguez, Batista and John Doe.

Regardless, the statute of limitations is an affirmative defense, the determination of which requires a consideration of the merit of both parties' claims and defenses. See Sexton v. Franklin First Fin., Ltd., No. 08-CV-04950, 2009 U.S. Dist. LEXIS 50526, at *53 (E.D.N.Y. June 16, 2009). As such, whether or not the statute of limitations should be equitably tolled here is an issue of fact better addressed on a motion for summary judgment or at the time of trial. Plaintiffs are not required to "allege[] facts in the complaint that overcome defendants' affirmative defense based on the statute of limitations." Id. at *55. Rather, at this stage, the burden of proving futility of amendment lies with the party opposing the amendment and defendants have not satisfied that burden. If in fact defendants failed to comply with their obligation to post notices pursuant to the FLSA, the statute of limitations may be equitably tolled and the claims against the proposed defendants will be considered timely. Accordingly, permitting plaintiffs to amend their Complaint is not futile.

    B.    Prejudice

Defendants also argue that permitting plaintiffs to amend their Complaint will unduly prejudice defendants because it would require additional discovery with respect to both the new plaintiffs and the new defendants. According to defendants, the cost of the discovery already conducted as well as the defense of this action has caused great financial harm to the defendants and Pancho Villa's Glen Cove has had to close due to financial reasons. Defendants assert that, at a minimum, all three new individual defendants would have to be deposed and every plaintiff may have to be re-deposed to explore their individual claims against the new defendants, the cost of which "could devastate the existing defendants." (Def. Mem. of Law 10.)

While the concerns raised by defendants are valid, "the need for new discovery is not

sufficient to constitute undue prejudice on its own." Duling, 2010 U.S. Dist. LEXIS 10197, at *22-23 (citing cases); see also Lawrence, 2009 U.S. Dist. LEXIS 114909, at *12 ("[T]he adverse party's burden of undertaking discovery, standing alone, does not suffice to warrant denial of a motion to amend a pleading."). Moreover, "the fact that an amendment will require a party to invest additional resources in litigation is not sufficient grounds for its denial." Duling, 2010 U.S. Dist. LEXIS 1306, at *24 (citing Middle Atl. Utils. Co. v. S.M.W. Dev. Corp., 392 F.2d 380, 386 (2d Cir. 1968)).

This action is still in its early stages and discovery has not yet been completed. Although defendants assert that they will be financially harmed by permitting the amendment plaintiffs seek, this is not a case in which defendants "would need to re-vamp [their] trial strategy or prepare to defend against claims based on new legal theories." Franco v. Ideal Mortgage Bankers, Ltd., No. CV 07-3956, 2009 U.S. Dist. LEXIS 91570, at *11 (E.D.N.Y. Sept. 28, 2009) (citing cases). The claims of the proposed plaintiffs are identical to the claims of the plaintiffs already named in this action. In addition, the corporate defendants plaintiffs seek to add are or were owned and operated by the Abbatiellos, who have already been deposed regarding these entities. Permitting plaintiffs to add the new plaintiffs and defendants proposed would not result in as onerous a discovery burden as defendants suggest. Accordingly, the Court finds that the amendment sought would not unduly prejudice defendants.

## Conclusion

For the foregoing reasons, plaintiffs' motion to amend their Summons and Complaint a second time is granted in its entirety. Plaintiffs are directed to file their Second Amended Complaint within five (5) days of the date of this Order.

**SO ORDERED:**

Dated: Central Islip, New York
March 11, 2010

/s/ E. Thomas Boyle
E. THOMAS BOYLE
United States Magistrate Judge