UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X
ANTONIO GARCIA, JOSE AMAYA,
NEPTALI AMAYA, RAMON MARTINEZ,
VILMA APARICIO, ROSA FUENTES, LUIS LOPEZ,
ALVIRA SANTOS, and EVANA ROMERO,
on behalf of themselves, and all others similarly situated,

                                    Plaintiffs,                <u>MEMORANDUM</u>
                                                                  <u>OPINION AND ORDER</u>

                 -against-                        CV 09-486 (ETB)

PANCHO VILLA'S OF HUNTINGTON VILLAGE, INC.,
PANCHO VILLA'S OF HUNTINGTON STATION, INC.,
VILLA'S PANCHO INC.,
PANCHO VILLA'S OF GLEN COVE, INC.,
107 PANCHO RESTAURANT CORP.,
PANCHO'S RESTAURANT OF GLEN COVE, INC.,
AGOSTINO ABBATVELLO, an individual and
AGOSTINO ABBATVELLO, JR., an individual,
PAUL RODRIGUEZ, an individual, and
JOHN "DOE", an individual.

                                    Defendants.
-------------------------------------------------------------------------X

      Before the court are cross-motions for partial summary judgment by plaintiffs and all of

the defendants, except Paul Rodriguez.[1]  Both plaintiffs and defendants assert that there are no

genuine issues of material fact that warrant conducting a trial in this action with respect to most,

but not all, of the claims alleged in the Second Amended Complaint.  For the following reasons,

plaintiffs' motion for summary judgment is granted in part and denied in part and defendants'

motion is denied in its entirety.

---

[1]  The Court notes that defendant Paul Rodriguez has failed to appear in this action thus
far.

Plaintiffs, all current or former employees of three restaurants owned and operated by defendants, commenced this action on February 6, 2009, alleging wage and hour violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq. and the New York Labor Law, as well as retaliation. Plaintiffs filed an Amended Complaint on March 26, 2009 and a Second Amended Complaint on March 12, 2010.

The defendants herein consist of the six corporations that own - or formerly owned - the restaurants in which plaintiffs were employed as well as several individuals. Specifically, plaintiffs bring claims against the following: (1) Pancho Villa's of Huntington Village, Inc., which was formed in April 2006 and owns and operates the Pancho Villa's restaurant located in Huntington Village; (2) Pancho Villa's of Huntington Station, Inc., which was also formed in 2006 and owned and operated the Pancho Villa's restaurant located in Huntington Station from 2006 until its closure in 2009; (3) Pancho Villa's of Glen Cove, Inc., which was also formed in 2006 and owned and operated the Pancho Villa's restaurant located in Glen Cove from 2006 until its closure in 2009; (4) Villa Pancho, Inc., which owned and operated the Pancho Villa's restaurant located in Huntington Village from 2001 until April 2006; (5) 107 Pancho Restaurant Corp, which owned and operated the Pancho Villa's restaurant located in Huntington Station from 2003 until April 2006; and (6) Pancho's Restaurant of Glen Cove, Inc., which owned and operated the Pancho Villa's restaurant located in Glen Cove from 2003 until April 2006. (Pl. Local Civ. R. 56.1 Statement ("Pl. 56.1") ¶¶ 3-6, 8-10; Def. Local Civ. R. 56.1 Statement ("Def. 56.1") ¶¶ 12-14, 16-18.) Plaintiffs also seek to hold liable the following individual defendants: (1) Agostino Abbatiello ("Abbatiello, Sr."), who was the President and sole shareholder of Villa

Pancho, Inc., 107 Pancho Restaurant Corp. and Pancho's Restaurant of Glen Cove from the time they were formed until their dissolution in April 2006; (2) Agostino Abbatiello, Jr., the President and sole shareholder of Pancho Villa's of Huntington Village, Inc., Pancho Villa's of Huntington Station, Inc. and Pancho Villa's of Glen Cove, Inc.; and (3) Paul Rodriguez, the manager of the Pancho Villa's restaurant located in Huntington Station from 2003 until 2009.[2] (Pl. 56.1 ¶¶ 7, 11, 16; Def. 56.1 ¶¶ 15, 19, 20.)

The facts of this action are very much in dispute. The only fact that does not appear to be disputed is that all of the plaintiffs herein are or were employed as cooks, busboys/busgirls, dishwashers, salad preparers, or waiters/waitresses by defendants at various times between 2002 and 2009. (Pl. 56.1 ¶¶ 20, 22, 24-32.) Plaintiffs allege that, during the course of their employment, they were denied overtime pay for hours worked in excess of forty per week. (Pl. 56.1 ¶¶ 53-66.) Plaintiffs allege that they all worked more than forty hours per week for most of their employment, but were not compensated at a rate of one and one-half times their regular pay rate for those hours worked in excess of forty, as required by law. (Id.) Plaintiffs - with the exception of Antonio Garcia ("Garcia") - further allege that defendants failed to pay them minimum wage, in violation of the FLSA and the New York Labor Law, as well as spread of hours violations and unlawful tip retention and wage reduction, in violation of the New York Labor Law. (Pl. 56.1 ¶¶ 56, 67, 68, 77-85.) Finally, plaintiffs Garcia and Jose Amaya allege retaliation, pursuant to the FLSA and the New York Labor Law. (2d Am. Compl. ¶¶ 298-304.) Defendants dispute all of plaintiffs' claims.

---

[2] Another individual defendant, Carlos Batista, was voluntarily dismissed from this action by plaintiffs on April 7, 2011.

I.    Legal Standard

Summary judgment is appropriate when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The burden is on the moving party to establish the lack of any factual issues. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). The very language of this standard reveals that an otherwise properly supported motion for summary judgment will not be defeated because of the mere existence of some alleged factual dispute between the parties. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986). Rather, the requirement is that there be no "genuine issue of material fact." Id. at 248.

The inferences to be drawn from the underlying facts are to be viewed in the light most favorable to the non-moving party. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 588 (1986). When the moving party has carried its burden, the party opposing summary judgment must do more than simply show that "there is some metaphysical doubt as to the material facts." Id. at 586. Under Rule 56(e), the party opposing the motion "may not rest upon the mere allegations or denials of his pleadings, but . . . must set forth specific facts showing there is a genuine issue for trial." Anderson, 477 U.S. at 248.

When considering a motion for summary judgment, the district court "must also be 'mindful of the underlying standards and burdens of proof' . . . because the evidentiary burdens that the respective parties will bear at trial guide district courts in their determination of summary judgment motions." SEC v. Meltzer, 440 F. Supp. 2d 179, 187 (E.D.N.Y. 2006) (quoting Brady

v. Town of Colchester, 863 F.2d 205, 211 (2d Cir. 1988)) (internal citations omitted). "Where the non-moving party would bear the ultimate burden of proof on an issue at trial, the burden on the moving party is satisfied if he can point to an absence of evidence to support an essential element of the non-movant's claim." Meltzer, 440 F. Supp. 2d at 187.

II.     The Affirmative Defenses Raised in Response to Plaintiff Garcia's Claims

Plaintiffs seek summary judgment with respect to the affirmative defenses raised by defendants in response to Garcia's claims, which assert that Garcia is exempt from the FLSA's coverage because he was (1) a salaried executive employee; (2) a creative professional; and (3) a learned professional. (Ans., Affirmative Defenses 22-24.) Defendants have failed to respond to this portion of plaintiffs' motion. As a result, plaintiffs' motion for summary judgment with respect to defendants' Twenty-Second, Twenty-Third and Twenty-Fourth Affirmative Defenses is deemed unopposed.

"'[B]ecause the FLSA is a remedial act, its exemptions . . . are to be narrowly construed,' and the burden rests on the employer to prove that a particular employee is exempt from the Act's requirements." Havey v. Homebound Mortgage, Inc., 547 F.3d 158, 163 (2d Cir. 2008) (quoting Martin v. Malcolm Pirnie, Inc., 949 F.2d 611, 614 (2d Cir. 1991)). Here, defendants have offered nothing in response to plaintiffs' assertions that Garcia does not qualify as an exempt employee under any of the three categories raised by defendants in their affirmative defenses.

A.      Garcia is Not an Executive Employee

Employees are exempt for the FLSA's overtime provisions if they qualify as

"bona fide executives" within the meaning of 29 U.S.C. § 213(a)(1) and the Department of Labor's implementing regulations.  See Reich v. Waldbaum, Inc., 52 F.3d 35, 38 (2d Cir. 1995). An employee qualifies as an "employee employed in a bona fide executive capacity" if their (1) compensation is "on a salary basis of not less than $455 per week"; (2) "primary duty is management"; (3) duties consist of "customarily and regularly direct[ing] the work of two or more other employees"; and (4) authority includes the right "to hire and fire other employees." 29 U.S.C. § 541.100(a).

While plaintiffs do not dispute that Garcia meets the first part of this four-prong test - i.e., that his salary exceeded $455 per week - they assert that defendants have failed to proffer any evidence to support the remaining three prongs.  The Court agrees with plaintiffs.  It is undisputed that during the course of his employment, Garcia's primary duty was to cook.  (Pl. 56.1 ¶¶ 20, 22-23; Def. Response to Pl. 56.1 ¶¶ 20, 22-23.)  Nothing before the Court indicates that Garcia had any management duties, let alone that his "primary duty" was management.  Nor is there any evidence that Garcia directed the work of other employees or possessed the authority to hire and fire employees.  Accordingly, Garcia does not meet the requirements necessary to exempt him from the FLSA's coverage as an "executive employee."

B.    Garcia is Not a Creative Professional

"To qualify for the creative professional exemption [to the FLSA], an employee's primary duty must be the performance of work requiring invention, imagination, originality or talent in a recognized field of artistic or creative endeavor as opposed to routine mental, manual, mechanical or physical work."  29 C.F.R. § 541.302(a).  A "recognized field of artistic endeavor" includes "such fields as music, writing, acting and the graphic arts."  29 U.S.C. § 541.302(b).

The regulations specify that the requirement of "invention, imagination, originality or talent" is generally met by "actors, musicians, composers, conductors, and soloists . . . painters . . . cartoonists . . . essayists, novelists, short-story writers and screen-play writers . . . [and] persons holding the more responsible writing positions in advertising agencies." 29 C.F.R. § 541.302(c).

Nothing in the regulations even remotely pertains to Garcia's position as a cook. Nor have defendants submitted any evidence that would support the application of such an exemption. Accordingly, Garcia does not meet the requirements necessary to exempt him from the FLSA's coverage as a "creative professional."

C.      Garcia is Not a Learned Professional

Under the "learned professional" exemption to the FLSA, an employee is exempt from coverage if (1) his "primary duty" is "to perform work requiring 'advanced knowledge'"; (2) the "'advanced knowledge' is 'in a field of science or learning'"; and (3) "the 'advanced knowledge' is 'customarily acquired by a prolonged course of specialized intellectual instruction.'" Howard v. The Port Auth. of N.Y. and N.J., 684 F. Supp. 2d 409, 413 (S.D.N.Y. 2010) (quoting 29 C.F.R. § 541.301(a)(1-3)).

Defendants have not offered any evidence from which the Court could conclude that Garcia qualifies as a "learned professional." Rather, as plaintiffs point out, Garcia's duties as a cook do not require any "advanced knowledge." Moreover, the profession of a cook or a chef does not fall within the field of "science or learning." Finally, nothing in the record before the Court indicates that Garcia acquired any knowledge though a "prolonged course of specialized intellectual instruction." Accordingly, Garcia does not meet the requirements necessary to exempt him from the FLSA's coverage as a "learned professional."

For the foregoing reasons, defendants have failed to meet their burden of establishing that Garcia is exempt from the FLSA's coverage as either an "executive employee," a "creative professional" or a learned professional." Accordingly, plaintiffs' motion for summary judgment seeking dismissal of defendants Twenty-Second, Twenty-Third and Twenty-Fourth Affirmative Defenses is granted.

III.    The Claims Asserted in the Second Amended Complaint

Having reviewed the papers in support of and in opposition to the cross-motions for partial summary judgment, the Court finds that genuine issues of material fact exist with respect to all of the claims asserted by plaintiffs in the Second Amended Complaint. The witness testimony in the form of affidavits and deposition transcripts offered by both sides raise significant factual disputes as to the events that gave rise to this action. "Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge." Reeves v. Sanderson Plumbing Prods., 530 U.S. 133, 150 (2000) (citing Anderson, 477 U.S. at 255); see also Riscili v. Gibson Guitar Corp., 605 F. Supp. 2d 558, 568-69 (S.D.N.Y. 2009) (denying summary judgment where witnesses provided contradictory testimony). Such issues of material fact preclude the entry of summary judgment with respect to those claims at this time.

Accordingly, the cross-motions for summary judgment with respect to all of the claims asserted by plaintiffs in the Second Amended Complaint are denied.

<u>CONCLUSION</u>

For the foregoing reasons, plaintiffs' motion for summary judgment is granted with respect to the Twenty-Second, Twenty-Third and Twenty-Fourth affirmative defenses asserted by defendants in their Answer and those defenses are dismissed. Plaintiffs' motion is denied in all other respects. Defendants' motion for summary judgment is denied in its entirety.


**SO ORDERED:**

Dated: Central Islip, New York
　　　　April 14, 2011

　　　　　　　　　　　　　　　　　　　　/s/ E. Thomas Boyle_____
　　　　　　　　　　　　　　　　　　　　E. THOMAS BOYLE
　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge