UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------x
ANTONIO GARCIA, JOSE AMAYA,                                  :
NEPTALI AMAYA, RAMON MARTINEZ,                               :
VILMA APARICIO, ROSA FUENTES, LUIS LOPEZ,                    :
ALVARO SANTOS, and EVANA ROMERO,                            : Case No. 09-CV-486 (ETB)
on behalf of themselves, and all others similarly situated, :
                                                            :
                              Plaintiffs,                    :
                                                            :
                 - against -                                 :
                                                            :
PANCHO VILLA'S OF HUNTINGTON VILLAGE, INC.,:
PANCHO VILLA'S OF HUNTINGTON STATION, INC.,:
VILLA'S PANCHO INC.,                                         :
PANCHO VILLA'S OF GLEN COVE, INC.,                           :
107 PANCHO RESTAURANT CORP.,                                 :
PANCHO'S RESTAURANT OF GLEN COVE, INC.,                      :
AGOSTINO ABBATVELLO, an individual,                          :
AGOSTINO ABBATVELLO, JR., an individual,                     :
PAUL RODRIGUEZ, an individual, and                           :
JOHN "DOE", an individual,                                   :
                                                            :
                              Defendants.                    :
-----------------------------------------------------------------------x

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF MOTION
FOR CERTIFICATION OF A COLLECTIVE ACTION PURSUANT TO 29 U.S.C. § 216
AND FOR CLASS CERTIFICATION PURSUANT TO RULE 23**

SHULMAN KESSLER LLP
*Attorneys for Plaintiffs and the
Collective and Putative Classes*
510 Broadhollow Road, Suite 110
Melville, New York 11747
(631) 499-9100

On the brief:
    Troy L. Kessler (TK-4793)
    Marijana F. Matura (MM-0519)

## TABLE OF CONTENTS

TABLE OF CONTENTS………………………………………………………….   i

TABLE OF AUTHORITIES………………………………………….…………..   ii

PRELIMINARY STATEMENT…………………………………………………   1

STATEMENT OF FACTS & PROCEDURAL HISTORY……………….…………   1

ARGUMENT………………………………………………………………………   4

   I.    PLAINTIFFS ARE ALL SIMILARLY SITUATED AND SHOULD BE
        AUTHORIZED TO PROCEED AS A COLLECTIVE ACTION
        PURSUANT TO THE FLSA ……………………….….……………………   4

        A.  Plaintiffs' Employment Conditions Were
            Factual Similar……..………………………………………………..   5

        B.  Defendants' Asserted Defenses can be Addressed
            Collectively…………………….....................................................   6

        C.  Fairness and Procedural Considerations Militate in Favor
            of Certification of the Collective Action ..………………………….…..   7

  II.  PLAINTIFFS' NYLL CLAIMS SHOULD BE CERTIFIED AS A
      CLASS ACTION PURSUANT TO RULE 23 ..……………………...…............   8

        A.  Plaintiffs Satisfy the Rule 23(a) Requirements ……...………………….   9

            1.   The Proposed Class is Identifiable and Ascertainable...………   10

            2.   The Proposed Class is Sufficiently Numerous………………...   11

            3.   The Proposed Class Satisfies the Commonality
                and Typicality Requirements…………………………………   11

            4.   The Proposed Class Representatives will Fairly and
                Adequately Protect the Interests of the Class...……………….   13

        B.  The Proposed Class Satisfies the Requirements
            of Rule 23(b)(3)…………………………………………………………   14

            1.   Common Questions of Law or Fact Predominate
                Over Individualized Claims…………………………………..   15

            2.   A Class Action is Superior to Other
                Available Methods…………………………………………….   15

CONCLUSION………………………………………………………….............   17

# <u>TABLE OF AUTHORITIES</u>

## CASES

*Ansoumana v. Gristede's Operating Corp.*,
    201 F.R.D. 81 (S.D.N.Y. 2001)……………………………………………… 11, 16

*Ayers v. SGS Control Serv.*,
    No. 03-CV-9078, 2007 U.S. Dist. LEXIS 19634 (S.D.N.Y. Feb. 27, 2007)…… 4, 5, 7

*Baffa v. Donaldson, Lufkin & Jenrette Securities*,
    222 F.3d 52 (2d Cir. 2000) ..………………………………………………… 13

*Bakalar v. Vavra*,
    237 F.R.D. 59 (S.D.N.Y. 2006)…………………………………………… 9

*Cano v. Four M. Food*,
    No. 08-CV-3005, 2009 U.S. Dist. LEXIS 7780 (E.D.N.Y. Feb. 3, 2009)……… 4, 5

*Consolidated Rail v. Town of Hyde Park*,
    47 F.3d 473 (2d Cir. 1995) ………..………………………………………… 11

*Damassia v. Duane Reade, Inc.*,
    250 F.R.D. 152 (S.D.N.Y. 2008) ..……………………………………….... 8, 11, 13

*Deboissiere v. Am. Modification Agency*,
    No. 09-CV-2316, 2010 U.S. Dist. LEXIS 44385 (E.D.N.Y. May 5, 2010) …… 11

*Fogarazzo v. Lehman Bros.*,
    232 F.R.D. 176 (S.D.N.Y. 2005)………………………………….………. 10

*Garcia v. Pancho Villa's of Huntington Village*,
    No.: 09-CV-486, Dkt. No. 72 (Jan. 15, 2010) ..…………………………… 3, 10

*Garcia v. Pancho Villa's of Huntington Village*,
    No. 09-CV-486, Dkt. No. 116 (April 14, 2011) ……………………………. 6

*Grayson v. K Mart Corp.*,
    79 F.3d 1086 (11th Cir. 1996) ..…………………………………………... 4

*Guzman v. VLM, Inc.*,
    No. 07-CV-1126, 2008 U.S. Dist. LEXIS 15821 (E.D.N.Y. March 2, 2008) …. *passim*

*Harrison v. McDonald's Corp.*,
    411 F. Supp. 2d 862 (S.D. Ohio 2005)…………………………….……… 4

*Haynes v. Logan Furniture Mart*,
    503 F.2d 1161 (7th Cir. 1974) …………………………………………….…   9

*Hens v. Clientlogic Operating Corp.*,
    No. 05-CV-381S, 2006 U.S. Dist. LEXIS 69021 (W.D.N.Y. Sept. 22, 2006)…   5

*Hoffman-La Roche, Inc. v. Sperling*,
    493 U.S. 165, 110 S. Ct. 482 (1989)…………………………………………   4, 7

*Hoffmann v. Sbarro, Inc.*,
    982 F. Supp. 249 (S.D.N.Y. 1997) ..…………………………………………   5, 7

*Initial Pub. Offering Sec. Litig.*,
    471 F.3d 24 (2d Cir. 2006) …………………………………………………   9, 10

*In re Methyl Tertiary Butyl Ether Prods. Liab. Litig. (In re MTBE)*,
    209 F.R.D. 323 (S.D.N.Y. 2002) ……………………………………………   10

*Jankowski v. Castaldi*,
    No.: 01-CV-0164, 2006 U.S. Dist. LEXIS 4237 (E.D.N.Y. Jan. 11, 2006)……   10, 15, 16

*Labbate-D'Alauro v. GC Serv. Ltd. P'ship.*,
    168 F.R.D. 451 (E.D.N.Y. 1996) ……………………………………………   9, 13

*Lee v. ABC Carpet & Home*,
    236 F.R.D. 193 (S.D.N.Y. 2006) ……………………………………………   8

*Lusardi v. Xerox Corp.*,
    118 F.R.D. 351 (D.N.J. 1987)………………………………………………..   7

*Marisol A. v. Giuliani*,
    126 F.3d 372 (2d Cir. 1997) …………………………………………………   8, 11

*Martens v. Smith Barney*,
    181 F.R.D. 243 (S.D.N.Y. 1998)………………………………………………..   14

*Moss v. Crawford & Co.*,
    201 F.R.D. 398 (W.D. Pa. 2000) ……………………………………………   7

*Niemiec v. Ann Bendick Realty*,
    No.: 04-CV-897, 2007 U.S. Dist. LEXIS 98840 (E.D.N.Y. 2007) ……………   8

*Noble v. 93 University Place Corp.*,
    224 F.R.D. 330 (S.D.N.Y. 2004) ………………………………………….   *passim*

iii

*Overnite Transp. Co. v. Tianti,*
    926 F.2d 220 (2d Cir. 1991)…………………………………………………….    8

*Rodidoux v. Celani,*
    987 F.2d 931 (2d Cir. 1993)…………………………………………………….    11

*Rodolico v. Unisys Corp.,*
    199 F.R.D. 468 (E.D.N.Y. 2001) ……………………………………………….    6

*Rossini v. Ogilvy & Mather, Inc.,*
    798 F.2d 590 (2d Cir. 1986)…………………………………………………….    14

*Sobczak v. AWL Industries,*
    540 F. Supp. 2d 354 (E.D.N.Y. 2007)………………………………………….    4

*Torres v. Gristede's Operating Corp.,*
    No. 04-CV-3316, 2006 U.S. Dist. LEXIS 74039 (S.D.N.Y. Sept. 29, 2006)…..    4, 6, 8

*Velez v. Magic Cleaning Serv.,*
    No. 03-CV-9698, 2005 U.S. Dist. LEXIS 709 (S.D.N.Y. Jan. 18, 2005) ……...    11, 12, 16

*Wilks v. Pep Boys,*
    No. 3:02-837, 2006 U.S. Dist. LEXIS 69533 (M.D. Tenn. Sept. 26, 2006)……    6

## FEDERAL STATUTES

29 U.S.C. § 201 …………………………………………..……………………………..    1

29 U.S.C. § 206(a) …………………………………………..……………………………..    5, 12

29 U.S.C. § 207(a)(1) …………………………………………..……………………………..    5, 12

29 U.S.C. § 216 …………………..………………………………………………    1, 2, 17

## FEDERAL RULES

Fed. R. Civ. P. 23 .……………………………………………………………………    *passim*

Fed. R. Civ. P. 23(a) .……………..………………………………………………..    *passim*

Fed. R. Civ. P. 23(b) .…………..………………………………………………..    9, 14

Fed. R. Civ. P. 23(g) .…………..………………………………………………..    14

iv

**STATE STATUTES**

N.Y. Lab. Law § 652(1) ………………………………………..……………………….        5, 12

**STATE REGULATIONS**

12 N.Y.C.R.R. § 137-1.2………………………………………..……………………….        5, 12

12 N.Y.C.R.R. § 137-1.3 ……….…………………………..………………..        5, 12

12 N.Y.C.R.R. § 137-1.7……...……………………………..………………..        12

## **Preliminary Statement**

Plaintiffs and the putative class members are the current and former employees of the defendants' three (3) Mexican restaurants, all called Pancho Villa's, who were not paid overtime premium pay, minimum wages and spread-of-hours pay, in violation of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. ("FLSA") and the New York Labor Law ("NYLL").

The instant motion seeks an Order of this Court as follows:

(a)     Certifying this matter as a collective action pursuant to 29 U.S.C. § 216; and

(b)     Certifying this matter as a class action pursuant to Fed. R. Civ. P. 23 ("Rule 23"),

for a class consisting of:

> All persons who have been employed by the defendants, in a non-managerial position, in the State of New York, at any time from February 6, 2003 (six years prior to the filing of the complaint) through the present ("the Class").

For the reasons set forth herein, plaintiffs' motion should be granted in all respects.

## **Statement of Facts & Procedural History**

Plaintiffs and the putative class members are the current and former employees of the defendants' three Mexican restaurants, all called Pancho Villa's. Declaration in Support of Troy L. Kessler, dated June 27, 2011 ("Kessler Decl."), ¶ 4.  Defendant Agostino Abbatiello, Sr. ("Abbatiello, Sr.") is the former sole shareholder of each of the corporations which owned the Pancho Villa's restaurants.  P. Ex. 4, 23 : 7-19, 25 : 8-14, 26 : 1-14.  Beginning in or about May of 2006, Defendant Agostino Abbatiello, Jr. ("Abbatiello, Jr.") became the sole shareholder of three newly formed corporations which took over ownership of the three Pancho Villa's restaurants from Abbatiello Sr.  P. Ex. 6, 16 : 9-11, 17 : 3-10.

1

The following facts are not in dispute:

- Defendants failed to maintain records concerning the number of hours worked by their employees.  P. Ex. 4, 200 : 8-12, 200 : 22-25; P. Ex. 5, 62 : 5-10; P. Ex. 6, 59 : 24-25, 60 : 2-3, 6. Ex. 7, 112 : 2-4, 114 : 21-24, 126 : 8-25.

- Defendants shared employees between all three Pancho Villa's restaurants.  P. Ex. 4, 99 : 12-23; P. Ex. 5, 193 : 7-22; P. Ex. 7, 163 : 11-25, 164 : 2-23, 170 : 4-10.

- Defendants paid plaintiffs and members of the putative class, some or all of their wages in cash.  P. Ex. 4, 208 : 20-25, 189 : 21-23, 191 : 6-8, 210 : 8-16; P. Ex. 6, 94 : 22-25.

- Plaintiffs and members of the putative class worked greater than forty hours per week and did not receive overtime premium pay.  P. Ex. 4, 214 : 11-13, 215 : 9-11; P. Ex. 7, 109 : 10-15, 113 : 15-21, 116 : 10-25, 129 : 23-24, 134 : 12-16, 135 : 7-19, 137 : 7-25, 138 : 9-21, 198 : 8-24; P. Ex. 8, 24 : 15-25, 25 : 14-17, 36 : 18-24; P. Ex. 9, 30 : 17-24, 36 : 23-24, 69 : 7-19; P. Ex. 10, 10 : 4-16; P. Ex. 11, 14 : 18-22, 15 : 3-10, 17 : 4-7; P. Ex. 12, 10 : 11-14, 11 : 2-11; P. Ex. 13, 9 : 2-12, 10 : 8-13.

- Plaintiffs and members of the putative class all worked more than ten hours on one or more workdays and did not receive an extra hour of pay at the regular minimum wage.  P. Ex. 8, 24 : 15-25, 25 : 14:17, 36 : 18-24; P. Ex. 9, 30 : 17-24, 36 : 23-24, 69 : 7-19; P. Ex. 10, 10 : 4-16; P. Ex. 11, 14 : 18-22, 15 : 3-10, 17 : 4-7; P. Ex.13, 9 : 5-7; P. Ex. 14, 10 : 11-14, 11 : 2-11; P. Ex. 15, 9 : 2-12, 10 : 8-13.

- Defendants failed to pay plaintiffs and members of the putative class at the applicable minimum wage rate.  P. Ex. 5, 46 : 14-16, P. Ex. 7, 38 : 3-5, 43 : 13-25, 44 : 2-9; P. Ex. 16, 15 : 12-16; P. Ex. 17; P. Ex. 19.

- Defendants provided a list containing forty-four names and addresses of their current and former employees, which did not include seven of the named plaintiffs.  P. Ex. 18.

- Defendants admit that the list of current and former employees is missing some names due to their own failure to maintain records regarding the names and addresses of their employees.  *Id.*

2

This Court previously conditionally certified this matter as a collective action pursuant to 29 U.S.C. § 216(b). *Garcia v. Pancho Villa's of Huntington Village*, No.: 09-CV-486, Dkt. No. 72, at 2, 5 (Jan. 15, 2010) (Boyle, Mag.) (the "January 2010 Order").[1]  In doing so, the Court determined that, for purposes of evaluating the first stage of a motion to certify a collective action, plaintiffs "amply satisfied their burden" of demonstrating that they were similarly situated to other current and former employees of the Pancho Villa's restaurants.  *Id*. at 5. Moreover, the Court stated that employees from each of the restaurants were similarly situated in that:  (1) there was common ownership of all the Pancho Villa's restaurants; (2) payroll and receipts for all of the restaurants were being sent to the Huntington Village location; (3) employees were shared amongst all of the restaurants; (4) employees were paid in the same manner at all locations; and (5) deposition testimony reflecting the fact that employees at Pancho Villa's located in Glen Cove were subjected to the same wage and hour violations as were those the employees at defendants' Pancho Villa's the Huntington Station location.  *Id.* at 8.

Pursuant to the January 15, 2010 Order, defendants provided a list of forty-four names and addresses of their current and former employees, excluding seven of the named plaintiffs - Neptali Amaya, Ramon Martinez, Vilma Aparicio, Rosa Fuentes, Luis Lopez, Alvaro Santos and Evana Romero - bringing the putative class to a total of fifty-one individuals.   P. Ex. 18. Defendants also stated that "there are other potential employees that [defendants] have not been able to identify by full name and/or address . . . the only identifying information [defendants] have for these employees is their names as they appear on the weekly schedules." *Id.*

---

[1]   *Garcia v. Pancho Villa's of Huntington Village*, 678 F. Supp. 2d 89 (E.D.N.Y. 2010).

## Argument

### I.    Plaintiffs Are All Similarly Situated and Should be Authorized to Proceed as a Collective Action Pursuant to the FLSA

The primary objectives of a collective action are to lessen the burden to individual plaintiffs through the pooling of resources and to enhance judicial efficiency by resolving common issues of law and fact arising from the same unlawful activity in a single proceeding. *Hoffman-La Roche, Inc. v. Sperling*, 493 U.S. 165, 170, 110 S. Ct. 482 (1989).

Plaintiffs bear the burden of establishing that they are similarly situated to other employees. *Ayers v. SGS Control Serv.*, No. 03-CV-9078, 2007 U.S. Dist. LEXIS 19634, at *16 (S.D.N.Y. Feb. 27, 2007) (citing *Harrison v. McDonald's Corp.*, 411 F. Supp. 2d 862, 870 (S.D. Ohio 2005)).  In order to satisfy their burden, plaintiffs "need show only that their positions are similar, not identical, to the positions held by the putative class members."  *Ayers*, 2007 U.S. Dist. LEXIS 19634, at *16 (quoting *Grayson v. K Mart Corp.*, 79 F.3d 1086, 1096 (11th Cir. 1996)). When evaluating the second stage of a motion for certification of a collective action, three factors must be considered: (1) the similarity of the factual and employment conditions for each plaintiff; (2) the various defenses available to the employer; and (3) fairness and procedural considerations.  *Ayers*, 2007 U.S. Dist. LEXIS 19634, at *19 (citing *Torres v. Gristede's Operating Corp.*, No. 04-CV-3316, 2006 U.S. Dist. LEXIS 74039, at *7 (S.D.N.Y. Sept. 29, 2006)).

As discovery in this matter is now complete, plaintiffs seek an Order of this Court certifying the second stage of the collective action, by making an actual determination that the plaintiffs are similarly situated.  *Sobczak v. AWL Industries*, 540 F. Supp. 2d 354, 364 (E.D.N.Y. 2007); *Cano v. Four M. Food*, No. 08-CV-3005, 2009 U.S. Dist. LEXIS 7780 (E.D.N.Y. Feb. 3,

2009).   FLSA collective actions differ from Rule 23 class actions in that "[u]nder the FLSA, potential plaintiffs are required to 'optin' [*sic*] 'to be bound by the judgment (and to benefit from it).'"   *Cano*, 2009 U.S. Dist. LEXIS 7780, at *11 (quoting *Hoffmann v. Sbarro, Inc.*, 982 F. Supp. 249, 260 (S.D.N.Y. 1997)).   Further, "a named plaintiff in a collective action need not demonstrate other facts - numerosity, commonality, typicality, and adequacy of representation - which are required to bring a class action." *Id*. at *11-12 (quoting *Hens v. Clientlogic Operating Corp.*, No. 05-CV-381S, 2006 U.S. Dist. LEXIS 69021, at *3 (W.D.N.Y. Sept. 22, 2006)).

### A.   Plaintiffs' Employment Conditions Were Factual Similar

Plaintiffs' employment conditions were factually similar due to defendants' identical wage and hour violations at the Pancho Villa's restaurants.  As described above, defendants by their own admission failed to pay plaintiffs at the applicable minimum wage; record the actual hours worked by each plaintiff; and pay overtime premium pay to those plaintiffs who worked greater than forty hours per week.  P. Ex. 4, 200 : 8-25, 214 : 11-13, 215 : 9-11; P. Ex. 5, 62 : 5-10; P. Ex. 6, 59 : 24-25, 60 : 2-3; P. Ex. 7, 109 : 10-15, 112 : 2-4, 113 : 15-21, 114 : 21-24, 116 : 10-25, 126 : 8-25, 129 : 23-24, 134 : 12-16, 135 : 7-19, 137 : 7-25, 138 : 9-21, 198 : 8-24; Ex. 8, 24 : 15-25, 25 : 14:17, 36 : 18-24; P. Ex. 9, 30 : 17-24, 36 : 23-24, 69 : 7-19; P. Ex. 10, 10 : 4-16; P. Ex. 11, 14 : 18-22, 15 : 3-10, 17 : 4-7; P. Ex. 12, 10 : 11-14, 11 : 2-11; P. Ex. 13, 9 : 2-12, 10 : 8-13; P. Ex. 16, 15 : 12-16; 29 U.S.C. § 206(a)(1); 29 U.S.C. § 207(a)(1); 29 C.F.R. § 516.2;  N.Y.  Lab.  Law  §  652(1);  12  N.Y.C.R.R.  §  137-1.2;  12  N.Y.C.R.R.  §  137-1.3. Differences amongst individual plaintiffs' job duties, dates of employment and manner of pay, "[do] not outweigh the similarities in the practices to which they claim to have been subjected," specifically the defendants' failure to pay minimum wages and overtime premium pay to those plaintiffs who worked greater than forty hours per week. *Ayers*, 2007 U.S. Dist. LEXIS 19634,

at *18 (citing *Wilks v. Pep Boys*, No. 3:02-837, 2006 U.S. Dist. LEXIS 69533 (M.D. Tenn. Sept. 26, 2006)).

Plaintiffs' claims all flow from the same unlawful employment practices perpetrated by the defendants, namely, a complete disregard of the FLSA's requirements for the payment of minimum wages and overtime premium pay to those plaintiffs who worked greater than forty hours per week.  Kessler Decl., ¶¶ 9-17; *see e.g.*, *Torres*, 2006 U.S. Dist. LEXIS 74039, at *33-34 (potentially differing claims and defenses do not defeat a motion for collective certification where plaintiffs were subject to a common policy or plan which violated the FLSA).  The scales tip in favor of collective action certification in this matter, as the challenged employment practice is the same for each member of the collective class.  *Rodolico v. Unisys Corp.*, 199 F.R.D. 468, 483 (E.D.N.Y. 2001).

### B.    Defendants' Asserted Defenses can be Addressed Collectively

Defendants' asserted defenses to this action can be addressed collectively, and, as such, should not preclude a determination by this Court permitting this action to proceed to trial as a collective action.  The defenses relating to the assertion that plaintiff Antonio Garcia was an exempt employee have already been dismissed by this Court. *Garcia v. Pancho Villa's of Huntington Village*, No. 09-CV-486, Dkt. No. 116, at 5 - 8 (Apr. 14, 2011) (Boyle, Mag.).[2] Thus, defendants' remaining defenses apply to all plaintiffs, namely:  whether Abbatiello, Sr. and Abbatiello, Jr. were employers under the FLSA; whether the alleged violations of the FLSA were willful; whether defendants complied with federal record keeping requirements; whether plaintiffs' claims are barred by the applicable statute of limitations; and whether plaintiffs were

---

[2]      *Garcia v. Pancho Villa's of Huntington Village*, No. 09-CV-486, 2011 U.S. LEXIS 40740 (E.D.N.Y. Apr. 14, 2011).

subject to a common policy or plan of being denied overtime and minimum wages.[3]   The defenses asserted by the defendants overwhelmingly apply to the vast majority all of the plaintiffs' claims. There is nothing about the individual plaintiff's circumstances which play any role in any of the aforementioned defenses.  Accordingly, it is appropriate for this Court to hear the collective defenses without the need for an individualized determination with respect to how they apply to each particular plaintiff.

###   C.   Fairness and Procedural Considerations Militate in Favor of Certification of the Collective Action

Fairness and procedural considerations weigh heavily in favor of certification of a collective action.  The Court must be able to evaluate the collective class claim with a "broad scale approach." *Moss v. Crawford & Co.*, 201 F.R.D. 398, 410 (W.D. Pa. 2000) (citing *Lusardi v. Xerox Corp.*, 118 F.R.D. 351, 360 (D.N.J. 1987)).  Then, the Court must weigh the objectives of a collective action, which are mainly to lower the costs for plaintiffs by pooling resources and to promote judicial efficiency.  *Id.; see also Hoffman-La Roche*, 493 U.S. at 170 ("[t]he judicial system benefits by efficient resolution in one proceeding of common issues of law and fact arising from the same alleged [unlawful] activity.").

In the case at bar, a trial on a collective basis will result in reduced costs for all parties and an efficient resolution of the claims and defenses without prejudice to any party.  *Ayers*, 2007 U.S. Dist. LEXIS 19634, at *22. Additionally, since the common claims and defenses vastly out-weigh individualized issues, "policy objectives of reducing costs and increasing

---

[3]     The merits of these defenses are addressed at length in the following documents:  Plaintiffs' Memorandum of Law in Support of Motion for Summary Judgment – Points II, III, V and VI (Dkt. No. 97); Plaintiffs' Memorandum of Law in Reply in Further Support of Motion for Summary Judgment – Points I – VI (Dkt. No. 102; and Plaintiffs' Memorandum of Law in Opposition to Defendants Motion for Partial Summary Judgment – Points II – VI (Dkt. No. 107).  For the sake of brevity those arguments are not addressed herein.

efficiency are best furthered by granting collective action without undue prejudice to any party . . . as [certification]  will be a more effective use of the Court's and the parties' resources." *Torres*, 2006 U.S. Dist. LEXIS 74039, at *36.

Accordingly, plaintiffs respectfully seek an Order of this Court certifying this matter as a collective action.

## II. Plaintiffs' NYLL Claims Should be Certified as a Class Action Pursuant to Rule 23

Plaintiffs' NYLL wage and hour claims are appropriate for class action determination. *E.g.*, *Damassia v. Duane Reade, Inc.*, 250 F.R.D. 152, 162 (S.D.N.Y. 2008).  In the Second Circuit it is well settled that the FLSA does not preempt state wage and hour laws. *Overnite Transp. Co. v. Tianti*, 926 F.2d 220, 222 (2d Cir. 1991).  "Where a collective action under the FLSA that is based on the same set of facts has been approved, there is an inclination to grant class certification of the state labor law claims."  *Lee v. ABC Carpet & Home*, 236 F.R.D. 193, 202-203 (S.D.N.Y. 2006); *see also Guzman v. VLM, Inc.*, No. 07-CV-1126, 2008 U.S. Dist. LEXIS 15821, at *30-32 (E.D.N.Y. March 2, 2008) ("no reason that FLSA's collective action procedure is incompatible with maintaining a class action over the same conduct").

As courts within this Circuit have repeatedly stated, "the elements of Rule 23 tend to overlap or merge with each other," so courts are to "'adopt a standard of flexibility' and 'are encouraged to construe the requirements of Rule 23 liberally in order to effectuate its overall purpose.'"  *Niemiec v. Ann Bendick Realty*, No. 04-CV-897, 2007 U.S. Dist. LEXIS 98840, at *16 (E.D.N.Y. 2007) (citing *Marisol A. v. Giuliani*, 126 F.3d 372, 376 (2d Cir. 1997)).  It is entirely "appropriate for the court to consider the inability of the poor or uninformed to enforce their rights and the improbability that large numbers of class members would possess the

8

initiative to litigate individually." *Labbate-D'Alauro v. GC Serv. Ltd. P'ship.*, 168 F.R.D. 451, 458 (E.D.N.Y. 1996) (citing *Haynes v. Logan Furniture Mart*, 503 F.2d 1161, 1165 (7th Cir. 1974)).

Plaintiffs seek certification of a class action for a class consisting of the current and former employees of the Pancho Villa's restaurants, defined as follows:

> All persons who have been employed by the defendants, in a non-managerial position, in the State of New York, at any time from February 6, 2003 (six years prior to the filing of the complaint) through the present ("the Class").

Rule 23 provides that this Court should certify a class where the plaintiffs satisfy the four elements of Rule 23(a) and one of the three requirements of Rule 23(b). *E.g.*, *Initial Pub. Offering Sec. Litig.*, 471 F.3d 24 (2d Cir. 2006). The record here reveals that plaintiffs' motion satisfies the Rule 23 requirements, and as such, this matter must be certified as a class action.

**A.    Plaintiffs Satisfy the Rule 23(a) Requirements**

In order to be certified, a class must satisfy all of the requirements of Rule 23(a):

(1)    Numerosity - the class is so numerous that joinder of all members is impracticable;

(2)    Commonality - there are questions of law or fact common to the class;

(3)    Typicality - the claims or defenses of representative parties are typical of the claims or defenses of the class; and

(4)    Adequacy - the representative parties will fairly and adequately protect the interests of the class.

Rule 23(a) also contains the "implicit requirement" that class members by readily identifiable and ascertainable. *Guzman*, 2008 U.S. Dist. LEXIS 15821, at *13 (citing *Bakalar v. Vavra*, 237 F.R.D. 59, 64 (S.D.N.Y. 2006)).

9

Further, in evaluating whether the Rule 23 requirements are satisfied, the Court is required to resolve all factual disputes, but must "ensure that the class certification motion does not 'become a partial trial on the merits.'" *Id.* (citing *Initial Pub. Offering Sec. Litig.*, 471 F.3d at 41). Accordingly, the Court has "ample discretion to circumscribe both the extent of discovery concerning Rule 23 requirements and the extent of a hearing to determine whether such requirements are met." *Initial Pub. Offering Sec. Litig.*, 471 F.3d at 41.

## 1.     The Proposed Class is Identifiable and Ascertainable

Class members are deemed to be identifiable and ascertainable where "members can be ascertained by reference to objective criteria." *In re Methyl Tertiary Butyl Ether Prods. Liab. Litig. (In re MTBE)*, 209 F.R.D. 323, 337 (S.D.N.Y. 2002). "Objective criteria" essentially means that it must be "administratively feasible for a court to determine whether a particular individual is a member of the class and the Court must be able to make this determination without having to answer numerous individualized fact-intensive questions." *Fogarazzo v. Lehman Bros.*, 232 F.R.D. 176, 181 (S.D.N.Y. 2005); *see also Jankowski v. Castaldi*, No. 01-CV-0164, 2006 U.S. Dist. LEXIS 4237 (E.D.N.Y. Jan. 11, 2006) (potential class members' lack of knowledge as to the amount of overtime wages they are owed has no impact as to whether class members are ascertainable). Here, pursuant to the January 15, 2010 Order, defendants provided a list of forty-four names and addresses of their current and former employees which excluded seven of the named plaintiffs, for a total of fifty-one potential class members. P. Ex. 18. These names came from defendants' payroll records. Kessler Decl., ¶ 16. Thus, the proposed class is identifiable and ascertainable.

### 2.     The Proposed Class is Sufficiently Numerous

Numerosity under Rule 23(a)(1) is presumed where a putative class has forty or more members.  *E.g.*, *Consolidated Rail v. Town of Hyde Park*, 47 F.3d 473, 483 (2d Cir. 1995); *Deboissiere v. Am. Modification Agency*, No. 09-CV-2316, 2010 U.S. Dist. LEXIS 44385 (E.D.N.Y. May 5, 2010).  As the putative class has at least fifty-one members (plus additional members of whom the defendants are unable to indentify), the numerosity requirement is satisfied.  P. Ex. 18.

### 3.     The Proposed Class Satisfies the Commonality and Typicality Requirements

Commonality and typicality are related concepts, which tend to blend into each other, "so that similar considerations animate analysis of Rule 23(a)(2) and (3)."  *Marisol A.*, 126 F.3d at 376.   Where, "the same unlawful conduct was directed at or affected both the named plaintiff and the class sought to be represented, the typicality requirement is met *irrespective of minor variations in the fact patterns underlying individual claims*." *Ansoumana v. Gristede's Operating Corp.*, 201 F.R.D. 81, 86-87 (S.D.N.Y. 2001) (emphasis added) (citing *Rodidoux v. Celani*, 987 F.2d 931, 936-37 (2d Cir. 1993)).

The commonality requirement "does not mean that all issues must be identical as to each member, but it does require that plaintiffs identify some unifying thread among the members' claims that warrant[s] class treatment."  *Damassia*, 250 F.R.D.at 156.  Commonality as used in Rule 23(a)(2) exists where "the legal theory set forth [in the complaint] is common to all class members."  *Noble v. 93 University Place Corp.*, 224 F.R.D. 330, 343 (S.D.N.Y. 2004); *see also Guzman*, 2008 U.S. Dist. LEXIS 15821, at *17 (commonality requirement is satisfied if there is even one common question and that question is "at the 'core'" of the cause of action alleged) (quoting *Velez v. Magic Cleaning Serv.*, No. 03-CV-9698, 2005 U.S. Dist. LEXIS 709, at *10

11

(S.D.N.Y. Jan. 18, 2005)).  The putative class satisfies the commonality requirement of Rule 23(a)(2) in that there are several questions which are common to all class members.  Those questions are: (i) whether the defendants paid the members of the putative class the rate of pay required by the NYLL; (ii) whether the defendants maintained proper records in accordance with the NYLL; and (iii) whether defendants are personally liable to the putative class for the failure of the class members to receive proper wages.

As described above, defendants by their own admission failed to pay plaintiffs at the applicable minimum wage; record the actual hours worked by each of their employees; pay overtime premium pay to those plaintiffs who worked greater than forty hours per week; or pay spread-of-hours pay to those of their employees who worked greater than ten hours per day.  P. Ex. 4, 200 : 8-25, 214 : 11-13, 215 : 9-11; P. Ex. 5, 62 : 5-10; P. Ex. 6, 59 : 24-25, 60 : 2-3; P. Ex. 7, 109 : 10-15,  112 : 2-4, 113 : 15-21, 114 : 21-24, 116 : 10-25,  126 : 8-25, 129 : 23-24, 134 : 12-16, 135 : 7-19, 137 : 7-25, 138 : 9-21, 198 : 8-24; Ex. 8, 24 : 15-25, 25 : 14-17, 36 : 18-24; P. Ex. 9, 30 : 17-24, 36 : 23-24, 69 : 7-19; P. Ex. 10, 10 : 4-16; P. Ex. 11, 14 : 18-22, 15 : 3-10, 17 : 4-7; P. Ex. 12, 10 : 11-14, 11 : 2-11; P. Ex. 13, 9 : 2-12, 10 : 8-13; P. Ex. 16, 15 : 12-16; 29 U.S.C. § 206(a)(1); 29 U.S.C. § 207(a)(1); 29 C.F.R. § 516.2; N.Y. Lab. Law § 652(1); 12 N.Y.C.R.R. § 137-1.2; 12 N.Y.C.R.R. § 137-1.3; 12 N.Y.C.R.R § 137-1.7.  In light of the well-developed factual record which demonstrates the NYLL violations sustained by the putative class members, the commonality requirement for Rule 23(a) is satisfied.

Rule 23(a)(3) requires the named plaintiffs claim to be "typical" of the claims of the putative class members.  The salient inquiry in a typicality evaluation is whether the named plaintiffs allege that defendants subjected all of the putative class members to the same wrongs. *Velez*, 2005 U.S. Dist. LEXIS 709, at *10.  Where, "the same unlawful conduct was directed at

both the named plaintiff and the class to be represented, the typicality requirement is usually met irrespective of varying fact patterns which underlie individual claims." *Labbate-D'Alauro*, 168 F.R.D. at 456-57.   As described above, the record is clear that the named plaintiffs and the putative class were all subjected to the same wage and hour violations.   Accordingly, the typicality requirement of Rule 23(a)(3) is satisfied.

### 4. The Proposed Class Representatives will Fairly and Adequately Protect the Interests of the Class

Rule 23(a)(4) requires that "the representative parties fairly and adequately protect the interests of the class."   Adequacy is satisfied where "[1] plaintiff's interests are not antagonistic to the interest of other members of the class and [2] plaintiff's attorneys are qualified, experienced and able to conduct the litigation." *Baffa v. Donaldson, Lufkin & Jenrette Securities*, 222 F.3d 52, 60 (2d Cir. 2000).   Satisfying the typicality requirement of Rule 23(a)(3) constitutes "strong evidence that [the named plaintiffs'] interests are not antagonistic to those of the class; the same strategies that will vindicate [the named plaintiffs'] claims will vindicate those of the class." *Damassia*, 250 F.R.D. at 158.

Plaintiffs propose that Antonio Garcia ("Garcia") and Jose Amaya ("J. Amaya") should be appointed as the Class Representatives. P. Ex. 20 and 21; Kessler Decl., ¶¶ 23-25.   Garcia and J. Amaya as well as the other named plaintiffs have all actively participated in the case.   They have each appeared for lengthy depositions, and spent many hours with counsel in preparing for conferences, oral arguments, discovery motions, motion for conditional certification, motion for summary judgment and assisted in preparing counsel for the depositions of defendants Abbatiello, Sr. and Abbatiello, Jr.   Kessler Decl., ¶¶ 24-25.   In sum, there is no basis to contest the adequacy of the proposed Class Representatives.

Plaintiffs are represented by counsel who is experienced in the litigation of wage and hour class and collective actions.  Kessler Decl., ¶¶ 27-29.  In appointing class counsel, Rule 23(g) requires the Court to consider the following:  (i) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (iii) counsel's knowledge of the applicable law; and (iv) the resources that counsel will commit to representing the class.

A determination by this Court that plaintiffs' counsel has diligently prosecuted this action, has demonstrated sufficient litigation experience and familiarity with applicable law, and has adequate financial resources, is sufficient to warrant appointment as class counsel.  *Noble*, 224 F.R.D. at 346.  Each of the elements is addressed in the Declaration in Support of Troy L. Kessler, and for the sake of brevity is not restated herein.    *See* Kessler Decl., ¶¶ 27-30. In sum, it is respectfully submitted that counsel's experience, the work performed to date by him and his firm, his knowledge of applicable law, and the resources committed to date, all support a finding that Troy L. Kessler and the firm of Shulman Kessler LLP will fairly and adequately represent the interests of the class.

**B.      The Proposed Class Satisfies the Requirements of Rule 23(b)(3)**

Rule 23(b)(3) requires that there must be common questions of law or fact which bind the class together, and those common questions must "predominate over any questions affecting only individual members, and  . . . [a] class action is superior to other methods for the fair and adequate adjudication of this controversy." The proposed class easily satisfies Rule 23(a)'s requirements, which is a tell-tale sign that the predominance and superiority requirements of Rule 23(b)(3) are satisfied.  *E.g.*, *Rossini v. Ogilvy & Mather, Inc.*, 798 F.2d 590, 598 (2d Cir. 1986); *Martens v. Smith Barney*, 181 F.R.D. 243, 260 (S.D.N.Y. 1998).

### 1.      Common Questions of Law or Fact Predominate Over Individualized Claims

Courts within this Circuit have routinely determined that common questions predominate in wage and hour actions.  *E.g.*, *Guzman*, 2008 U.S. Dist. LEXIS 15821, at \*24; *Jankowski*, 2006 U.S. Dist. LEXIS 4237, at \*12-13; *Noble*, 224 F.R.D. at 345.  When "common questions of law or fact predominate regarding liability, *the existence of individual questions as to damages is generally unimportant*."  *Guzman*, 2008 U.S. Dist. LEXIS 15821, \*24 (emphasis added); *see also Jankowski*, 2006 U.S. Dist. LEXIS 4237, at \*12-13 (the predominance requirement is satisfied, notwithstanding "individualized defenses or differing amounts of damages").

As in *Guzman* and *Jankowski*, here common questions concerning the defendants' liability predominate in that the essence of this case is (i) whether the defendants paid the members of the putative class the rate of pay required by the NYLL; (ii) whether the defendants maintained proper records in accordance with the NYLL; and (iii) whether defendants are personally liable to the putative class for the failure of the class members to receive proper wages.  These questions clearly predominate over any other issues which exist in this case. Accordingly, the predominance requirement is satisfied.

### 2.      A Class Action is Superior to Other Available Methods

Certifying a class action is superior to any other method for the fair and efficient adjudication of this dispute.  Plaintiffs have alleged that there are no less than fifty-one current and former employees of the Pancho Villa's restaurants who were subjected to wage and hour violations. Kessler Decl., ¶ 18.  As the Court is aware, many of these workers were being paid at the rate of $3.30 per hour.  Kessler Decl., ¶¶ 14-15 and 17.  Many of these workers do not speak or read English.  Kessler Decl., ¶ 26.  As a class, the putative class members' claims are in aggregate worth hundreds of thousands of dollars, however, given the expense of litigation and

the relatively small size of many of the individual employees' claims, many of these individuals will be unable to obtain redress if class certification is not granted.   As stated in *Jankowski*, where many of the putative class members "possess relatively small claims unworthy of individual adjudication due to the amount at issue  . . . [and] there is reason to believe that [putative] class members may lack familiarity with the legal system" a class action is superior to any other method to adjudicate the matter.  *Id.* (citing *Velez*, 2005 U.S. Dist. LEXIS 709, at *19).

Moreover, Garcia and J. Amaya allege that they were retaliated against by the defendants due to their participation in this lawsuit.  Second Amended Complaint, Dkt. No. 78, ¶¶ 298-304, 358-63; Affidavit of Antonio Garcia, dated April 1, 2009, Dkt. No. 15-1; Affidavit of Jose Amaya, dated April 1, 2009, Dkt. No. 15-2.  As described by Garcia and J. Amaya, within two (2) weeks of their decision to participate in this matter, defendants embarked on a pattern of retaliation by significantly decreasing each of their respective working hours (and ultimately terminating J. Amaya).  *Id.*  In light of these allegations, a determination of superiority is warranted due to the "*possibility* that employees would be dissuaded from pursuing individual claims by fear of reprisal."  *Guzman*, 2008 U.S. Dist. LEXIS 15821, at *25 (emphasis added) (citing *Noble*, 224 F.R.D. at 346); *Ansoumana*, 201 F.R.D. at 85-86 (lack of financial resources and fear of retaliation "suggest that individual suits as an alternative to a class action are not practicable" thereby making a class a superior method for adjudicating wage and hour litigation).

Certifying a class action will conserve an enormous amount of time and expense, as opposed to facing the potential for forty to fifty lawsuits over the same issues covered by this case.  The collective presentation of evidence serves the interests of all parties and prevents the need for the putative class members to each retain his/her own counsel and prevents the defendants from seeking individual trials as an aegis to avoid liability. Subjecting the Court and

16

the litigants to the expense and time of multiple trials would be wasteful.  Resolving the common issues on a class-wide basis will create a uniform resolution of the issues, thereby providing a framework for the adjudication or settlement of whatever individual damages issues remain.  Accordingly, a class action is a superior method of adjudicating this case.

### Conclusion

For the foregoing reasons, plaintiffs respectfully request that this Court issue an Order:

(1)   Granting collective action status pursuant to 29 U.S.C. § 216(b) for the claims for relief pled pursuant to the FLSA; and

(2)   Certifying this action as a class action for those wage and hour claims which allege violations of the NYLL, pursuant to Rule 23.

Dated: Melville, New York
       June 27, 2011

                                    Respectfully submitted,

                                    Shulman Kessler LLP

                                    By:          */s/ Troy Kessler*
                                          _____
                                          Troy L. Kessler, Esq. (TK-4793)
                                          Marijana F. Matura, Esq. (MM-0519)
                                          *Attorneys for Plaintiffs and the Collective*
                                          *and Putative Classes*
                                          510 Broadhollow Road, Suite 110
                                          Melville, New York 11747
                                          (631) 499-9100
                                          tk@shulmankessler.com
                                          mm@shulmankessler.com

17