UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X
ANTONIO GARCIA, JOSE AMAYA,
NEPTALI AMAYA, RAMON MARTINEZ,
VILMA APARICIO, ROSA FUENTES, LUIS LOPEZ,
ALVARO SANTOS, and EVANA ROMERO,
on behalf of themselves, and all others similarly situated,

                                       Plaintiffs,        MEMORANDUM
                                                             OPINION AND ORDER

                         -against-                          CV 09-486 (ETB)

PANCHO VILLA'S OF HUNTINGTON VILLAGE, INC.,
PANCHO VILLA'S OF HUNTINGTON STATION, INC.,
VILLA'S PANCHO INC.,
PANCHO VILLA'S OF GLEN COVE, INC.,
107 PANCHO RESTAURANT CORP.,
PANCHO'S RESTAURANT OF GLEN COVE, INC.
AGOSTINO ABBATVELLO, an individual
AGOSTINO ABBATVELLO, JR., an individual,
PAUL RODRIGUEZ, an individual, and
JOHN "DOE", an individual,
                                                 Defendants.
-------------------------------------------------------------------------X

       Before the court is the plaintiffs' motion for certification of a collective action, pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 et seq., and for class certification, pursuant to Rule 23 of the Federal Rules of Civil Procedure. Defendants do not oppose the plaintiffs' motion for collective certification; however, they do oppose the application for class certification on the grounds that plaintiffs do not satisfy the requirements of Rule 23. For the following reasons, plaintiffs' motion is granted in its entirety.

FACTS

Familiarity with the facts of the underlying action is presumed. For a complete recitation of the facts, the parties are referred to the Memorandum Opinion and Order dated April 14, 2011, which was issued in connection with the parties' cross-motions for summary judgment. See Garcia v. Pancho Villa's of Huntington Vill., No. CV 09-486, 2011 U.S. Dist. LEXIS 40740, at *2-5 (E.D.N.Y. Apr. 14, 2011).

By Memorandum Opinion and Order dated January 15, 2010, the Court granted plaintiffs' motion to conditionally authorize a collective action, pursuant to the FLSA, finding that plaintiffs had demonstrated that they were similarly situated in that: (1) they all performed similar duties during their employment with defendants; (2) they all assert that they routinely worked in excess of forty hours per week but were not provided overtime compensation; (3) there was common ownership of all three restaurant locations by defendants; (4) employees were shared between the three restaurant locations; and (5) at least some employees in all three locations were paid part of their wages in cash. See Garcia v. Pancho Villa's of Huntington Vill., 678 F. Supp. 2d 89, 92-94 (E.D.N.Y. 2010).

By that same Order, defendants were directed to provide plaintiffs with a list of the names and addresses of potential plaintiffs who may have claims in this action. See id. at 95. Defendants complied with that order and, on January 25, 2010, provided plaintiffs with a list of forty-four individuals and their addresses. (Kessler Decl. ¶ 16.) Defendants advised plaintiffs that "there are other potential employees that [defendants] have not been able to identify by full name and/or address . . . the only identifying information [defendants] have for these employee is their first names as they appear on the work schedule." (Id. and Ex. 18, annexed thereto.)

Defendants' list did not include seven of the eleven named plaintiffs herein. (Id.)

Upon the completion of discovery, both plaintiffs and defendants cross-moved for partial summary judgment. By Memorandum Opinion and Order dated April 14, 2011, the Court granted plaintiffs' motion in part, dismissing defendants' Twenty-Second, Twenty-Third and Twenty-Fourth Affirmative Defenses contained in their Answer, all of which asserted that plaintiff Antonio Garcia is exempt from the FLSA's coverage. See Garcia v. Pancho Villa's of Huntington Vill., No. CV 09-486, 2011 U.S. Dist. LEXIS 40740, at *7-11 (E.D.N.Y. Apr. 14, 2011). The Court denied the remaining portions of plaintiffs' motion for summary judgment and denied defendants' motion in its entirety.

Plaintiffs now move for collective certification of this action under the FLSA and class certification of plaintiffs' New York Labor Law claims, pursuant to Federal Rule of Civil Procedure 23.

DISCUSSION

I.  Collective Certification Under the FLSA

"Generally, courts proceed in two stages in determining whether a matter should be certified as a FLSA collective action." Ayers v. SGS Control Servs., No. 03 Civ. 9078, 2007 U.S. Dist. LEXIS 19634, at *15 (S.D.N.Y. Feb. 26, 2007) (quoting Torres v. Gristede's Operating Corp., No. 04 Civ. 3316, 2006 WL 2819730, at *7 (S.D.N.Y. Sept. 29, 2006)). The first stage requires plaintiffs to satisfy the "minimal burden" of demonstrating that they are similarly situated. Id. Plaintiffs met this burden and the Court conditionally certified the collective action by Memorandum Opinion and Order dated January 15, 2010.

"At the second stage, the court examines the record again, with the benefit of discovery, and revisits the question of whether plaintiffs are similarly situated." Id. (quoting Torres, 2006 WL 2819730, at *7). Plaintiffs bear the burden of demonstrating that they are indeed similarly situated. See Ayers, 2007 U.S. Dist. LEXIS 19634, at *16 (citation omitted). "[P]laintiffs need show only that their positions are similar, not identical, to the positions held by the putative class members." Id. (citation and quotation marks omitted) (alteration in original). "[T]he 'similarly situated' requirement of 29 U.S.C. § 216(b) is considerably less stringent than the requirement of Fed. R. Civ. P. 23(b)(3) that common questions 'predominate.'" Id. (quoting Rodolico v. Unisys Corp., 199 F.R.D. 468, 481 (E.D.N.Y. 2001)).

Defendants' opposition to the within motion fails entirely to address plaintiffs' request for certification of a collective action under the FLSA. Accordingly, that portion of plaintiffs' motion is deemed unopposed.

For the same reasons that the Court conditionally certified this action as a collective action, contained in the Memorandum Opinion and Order dated January 15, 2010, and based on the evidence presented by plaintiffs in connection with the instant motion, the Court finds that plaintiffs are similarly situated, entitling them to proceed as a collective action. Accordingly, this action is certified as a collective action, pursuant to 29 U.S.C. § 216(b).

II.   Class Certification Under Rule 23

Plaintiffs seek to certify a class consisting of "[a]ll persons who have been employed by the defendants, in a non-managerial position, in the State of New York, at any time from February 6, 2003 (six years prior to the filing of the complaint) through the present ("the Class").

(Kessler Decl. ¶ 2.) In order to certify such a class, plaintiffs must satisfy the four prerequisites of Federal Rule of Civil Procedure 23(a) and one of the three prerequisites of Rule 23(b). See Fed. R. Civ. P. 23; see also Alonso v. Uncle Jack's Steakhouse, Inc., No. 08 Civ. 7813, 2011 U.S. Dist. LEXIS 106356, at *13 (S.D.N.Y. Sept. 21, 2011) (citing In re IPO Sec. Litig., 471 F.3d 24, 41 (2d Cir. 2006)).

The requirements of Rule 23(a) are as follows:

> (1) the class is so numerous that joinder of all members is impracticable;
> (2) there are questions of law or fact common to the class;
> (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and
> (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a). In addition, the relevant subsection of Rule 23(b) requires plaintiffs to demonstrate that "questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods of fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3). Plaintiffs bear the burden of establishing each of the requirements for class certification. See, e.g., Lee v. ABC Carpet & Home, 236 F.R.D. 193, 202 (S.D.N.Y. 2006) (citation omitted).

District courts have "wide discretion" in deciding whether to certify a proposed class under Rule 23, id. (citing Ansoumana v. Gristede's Operating Corp., 201 F.R.D. 81, 96 (S.D.N.Y. 2001)), and "[t]he Second Circuit has directed district courts to apply a liberal, rather than restrictive, interpretation to Rule 23." Lee, 236 F.R.D. at 202 (citing Korn v. Franchard Corp., 456 F.2d 1206, 1208-09 (2d Cir. 1972)) (additional citation omitted). As a result, "where a collective action under the FLSA that is based on the same set of facts has been approved, there

is an inclination to grant class certification of state labor law claims." Lee, 236 F.R.D. at 202-03 (citing Ansoumana, 201 F.R.D. at 96); see also Damassia v. Duane Reade, Inc., 250 F.R.D. 152, 163 (S.D.N.Y. 2008) ("[C]ourts in the Second Circuit routinely certify class action[s] in FLSA matters so that New York State and federal wage and hour claims are considered together.") (collecting cases).

    A.    Rule 23(a)'s Requirements

        1.    Numerosity

Rule 23(a)'s first requirement is that the proposed class "is so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). "In this Circuit, numerosity is presumed at forty class members." Lee, 236 F.R.D. at 203 (citing Consol. Rail Corp. v. Town of Hyde Park, 47 F.3d 473, 483 (2d Cir. 1995)); see also Damassia, 250 F.R.D. at 156 ("Numerosity is generally presumed where a class consists of 40 or more members."); Guzman v. VLM, Inc., No. 07-CV-1126, 2008 U.S. Dist. LEXIS 15821, at *15 (E.D.N.Y. Mar. 2, 2008) ("A class comprised of more than forty members generally satisfies numerosity.").

Defendants argue that plaintiffs cannot satisfy numerosity because the proposed class consists of only eleven members. (Def. Mem. of Law 8.) Defendants appear to be relying solely on the number of consent forms filed thus far in this action in arguing that there are only eleven plaintiffs. However, those forms only apply to the FLSA claims, since FLSA collective actions require plaintiffs to affirmatively "opt-in." Damassia, 250 F.R.D. at 161 (stating that "in a collective action, only plaintiffs who affirmatively opt in can benefit from the judgment or be bound by it"). In a class action, however, "potential class members are parties to the suit unless they affirmatively opt out." Id. (emphasis in original). There is no requirement that only those

individuals who opt into a FLSA collective action are proper class members for a New York Labor Law class action arising from the same unlawful conduct. See Guzman, 2008 U.S. Dist. LEXIS 15821, at *16-17 (citing cases).

As plaintiffs have demonstrated, in response to the Court's January 15, 2010 Memorandum Opinion and Order, defendants provided plaintiffs with a list of forty-four names of "potential plaintiffs," which did not include seven of the named plaintiffs herein. (Kessler Decl. ¶ 16 and Ex. 18, annexed thereto.) Defendants further advised plaintiffs that there are "other potential employees" that they have "not been able to identify by full name and/or address." (Id.) Accordingly, it appears that the potential class is comprised of, at a minimum, fifty-one members, which satisfies the numerosity element of Rule 23(a).

### 2. Commonality

The second requirement of Rule 23(a), commonality, mandates that there must be "questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). "Commonality 'does not mean that all issues must be identical as to each member, but it does require that plaintiffs identify some unifying thread among the members' claims that warrant[s] class treatment.'" Damassia, 250 F.R.D. at 156 (quoting Bolanos v. Norwegian Cruise Lines Ltd., 212 F.R.D. 144, 153 (S.D.N.Y. 2002)) (alteration in original). "[C]ourts have liberally construed the commonality requirement to mandate a minimum of one issue common to all class members." Damassia, 250 F.R.D. at 156 (quoting Trief v. Dun & Bradstreet Corp., 144 F.R.D. 193, 198-99 (S.D.N.Y. 2001)) (alteration in original); see also Guzman, 2008 U.S. Dist. LEXIS 15821, at *17 (stating that commonality "can be satisfied by even a single question of law or fact that is common to all class member[s], if the common question is 'at the core' of the cause of action

alleged") (citation omitted).

Plaintiffs assert that the following three issues are common to all class members: (1) whether defendants paid the putative class members the rate of pay required by the New York Labor Law; (2) whether defendants maintained proper records in accordance with the New York Labor Law; and (3) whether defendants are personally liable to the putative class for the failure to pay proper wages. (Pl. Mem. of Law 12.)

Defendants argue that plaintiffs cannot demonstrate commonality because plaintiffs held different employment positions at three separate restaurants and have different, individual, claims that cannot be resolved by a common class action. (Def. Mem. of Law 9-11.) According to defendants, each plaintiff will "have to still prove each and every item of their own claim." (Id. 10.)

With respect to defendants' argument that plaintiffs were employed by three separate restaurants, the Memorandum Opinion and Order of this Court issued on January 15, 2010 explicitly found that there was ample evidence to support plaintiffs' claim of common ownership among the three restaurants. See Garcia, 678 F. Supp. 2d at 93-94.[1] Defendants have offered nothing to refute this finding.

Moreover, the fact that plaintiffs "will require individualized proof" with respect to their claims "does not defeat commonality." Damassia, 250 F.R.D. at 156. The common issues

---

[1] The January 15, 2010 Memorandum Opinion and Order specifically found, by reference to the deposition testimony of the individual defendants, Agostino Abbatiello, Sr. and Agostino Abbatiello, Jr., that (1) all three restaurant locations are owned by the Abbatiellos, with Abbatiello, Sr. maintaining ownership from 2001 to 2006 and Abbatiello, Jr. assuming ownership in 2006; (2) the payroll checks, as well as the gross receipts, for all three locations have been and continue to be sent to the Huntington Village location on a weekly basis; and (3) employees were shared between the three restaurant locations. See id.

identified by plaintiffs are applicable to the class as a whole regardless of which restaurant location they were employed at or what job duties they performed. Defendants' arguments "boil[] down to a concern that damages among class members will differ." Whitehorn v. Wolfgang's Steakhouse, Inc., 275 F.R.D. 193, 199 (S.D.N.Y. 2011). "[B]ecause commonality does not mean that all issues must be identical as to each member, the need for an individualized determination of damages suffered by each class member generally does not defeat the requirement." Id. (quoting Padilla v.Maersk Line, Ltd., 271 F.R.D. 444, 448 (S.D.N.Y. 2010)) (alteration in original).

For the foregoing reasons, the Court finds that plaintiffs have satisfied the requirement of commonality.

### 3. Typicality

The typicality prong of Rule 23 requires plaintiffs to demonstrate that "the claims or defenses of the representative parties are typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). Typicality "is satisfied when each class member's claim arises from the same course of events, and each class member makes similar legal arguments." Lee, 236 F.R.D. at 203 (quoting Robidoux v. Celani, 987 F.2d 931, 936-37 (2d Cir. 1993)); see also Damassia, 250 F.R.D. at 157 (same). "As with commonality, typicality need not be complete." Damassia, 250 F.R.D. at 157.

Defendants argue that the claims of the proposed class representatives - Antonio Garcia ("Garcia") and Jose Amaya ("J. Amaya") - are not typical of the putative class because Garcia and J. Amaya only worked at one of the restaurant locations - Huntington Station - and therefore their "claims and experience . . . cannot possibly be typical of the claims and experiences of the

employees of the Huntington Village or the Glen Cove locations." (Def. Mem. of Law 11.) However, "[t]ypicality 'does not require that the factual background of each named plaintiff's claim be identical to that of all class members; rather, it requires that the disputed issue of law or fact occupy essentially the same degree of centrality to the named plaintiff's claims as to that of other members of the proposed class.'" Damassia, 250 F.R.D. at 158 (quoting Caridad v. Metro-North Commuter R.R., 191 F.3d 283, 293 (2d Cir. 1999)) (additional citation omitted). Here, Garcia, J. Amaya and the prospective class "were subject to the same general employment scheme," Lee, 236 F.R.D. at 204, and their claims are all based on "the same course of events and legal theory." Damassia, 250 F.R.D. at 158. "Even if some class members' facts are somewhat different than [Garcia's and Amays's] the claims are similar enough to meet the typicality element." Lee, 236 F.R.D. at 204; see also Robidoux, 987 F.2d at 936-37 (noting that the "typicality requirement is usually met irrespective of minor variations in the fact patterns underlying individual claims").

Accordingly, plaintiffs have satisfied the typicality requirement.

   4.  <u>Adequacy</u>

Rule 23(a)(4) requires plaintiffs to demonstrate that "the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). To establish adequacy, plaintiffs must show that (1) the class representatives' interests are not "antagonistic to the interest of other members of the class" and (2) that class counsel is "qualified, experienced and able to conduct the litigation." Damassia, 250 F.R.D. at 158 (quoting Baffa v. Donaldson, Lufkin & Jenrette Sec. Corp., 222 F.3d 52, 60 (2d Cir. 2000)).

As stated above, plaintiffs propose that Garcia and J. Amaya be named class

representatives. Both have submitted affidavits confirming their willingness to serve as class representatives. (Kessler Decl., Ex. 20.) The remaining named plaintiffs have also submitted affidavits requesting that the court approve Garcia and J. Amaya as class representatives, (Kessler Decl., Ex. 21.), and counsel for plaintiffs avers that both Garcia and J. Amaya have "spent many hours assisting in the prosecution of this claim." (Kessler Decl. ¶ 24.) Moreover, both Garcia and J. Amaya, like the putative class, allege that they were not paid overtime compensation for hours worked in excess of forty per week, were not paid minimum wage and were not provided spread-of-hours compensation for hours worked in excess of ten per day. "The fact that plaintiffs' claims are typical of the class is strong evidence that their interests are not antagonistic to those of the class; the same strategies that will vindicate plaintiffs' claims will vindicate those of the class." Damassia, 250 F.R.D. at 158.

Nonetheless, defendants challenge the adequacy of Garcia and J. Amaya as class representatives on the grounds that because they were both terminated for cause, they are "hardly . . . the premium choice to represent their fellow employees." (Def. Mem. of Law 11.) Other courts to consider such arguments have rejected them and this Court does as well. See, e.g., Guzman, 2008 U.S. Dist. LEXIS 15821, at *21 (rejecting claim that class representatives were inadequate because that they were no longer employed by defendants); Iglesias-Mendoza v. LaBelle Farm, Inc., 239 F.R.D. 363, 372 (S.D.N.Y. 2007) (finding irrelevant the fact that a named plaintiff was fired for misconduct).

With respect to the qualifications and experience of plaintiffs' counsel, the Court takes notice of the fact that plaintiffs' counsel, Shulman Kessler LLP, are experienced labor and employment litigators who have successfully represented employees in numerous collective and

class action lawsuits. (Kessler Decl. ¶¶ 27-29.) Defendants do not challenge the qualifications of plaintiffs' counsel.

Accordingly, the Court finds that plaintiffs have demonstrated adequacy sufficient to satisfy the requirements of Rule 23(a)(4).

B.  Rule 23(b)(3)'s Requirements

In addition to satisfying the four elements set forth above, plaintiffs must also establish the two requirements of Rule 23(b)(3) - predominance and superiority.

1.  Predominance

The predominance element of Rule 23(b)(3) requires the court to find that "the questions of law or fact common to class members predominate over any questions affecting only individual members." Fed. R. Civ. P. 23(b)(3). This inquiry "tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation." Damassia, 250 F.R.D. at 159 (quoting Amchem Prods., Inc. v. Windsor, 521 U.S. 591, 523 (1997)).

Defendants argue that predominance is lacking here because "the members of the proposed class did different work . . . for different restaurants, owned by different corporations at different time periods." (Def. Mem. of Law 12.) However, "[l]ike commonality, predominance is not defeated by the fact that potential plaintiffs worked at different restaurant locations and in different categories of . . . positions where . . . the pay policy was identical." Whitehorn, 275 F.R.D. at 200. Rather, predominance is satisfied where, as here "the central issue is whether the defendants had a uniform policy or practice of denying overtime and spread-of-hours compensation to its employees." Guzman, 2008 U.S. Dist. LEXIS 15821, at *24 (citing Noble v. 93 Univ. Pl. Corp., 224 F.R.D. 330, 345 (S.D.N.Y. 2004)). Although individual questions as to

damages may exist, "common legal issues related to the members' entitlement to overtime wages and the proper measure of such wages clearly predominate over these relatively simple, mechanical calculations." Whitehorn, 275 F.R.D. at 200 (quoting Padilla, 271 F.R.D. at 450); see also Ansoumana, 201 F.R.D. at 86 ("[I]ndividualized questions concerning the number of hours worked, overtime, etc., will not predominate over the larger question of the case."); Alonso, 2011 U.S. Dist. LEXIS 106356, at *16 ("[A]lthough individual inquiries may be necessary as to the amount of hours worked for purposes of the overtime claim, all other aspects of this case are subject to generalized proof and applicable to the class as a whole.").

Accordingly, predominance is satisfied here.

### 2. Superiority

The final prerequisite that plaintiffs must demonstrate is that a "class action is superior to other available methods for the fair and efficient adjudication of the controversy." Fed. R. Civ. P. 23(b)(3). "Courts routinely hold that a class action is superior where, as here, potential class members are aggrieved by the same policy, the damages suffered are small in relation to the expense and burden of individual litigation and many potential class members are currently employed by Defendant." Whitehorn, 275 F.R.D. at 200 (collecting cases).

Plaintiffs have demonstrated that there are at least fifty-one potential plaintiffs in this action. Trying this action collectively "allows for a more cost-efficient and fair litigation of common disputes" than requiring each plaintiff to prosecute his or her own individual action. Damassia, 250 F.R.D. at 164. Moreover, "a class action is superior to other available methods, given that the [New York Labor Law] claims are nearly identical to the FLSA claims, which will

be tried collectively in this Court." Alonso, 2011 U.S. Dist. LEXIS 106356, at *16.

Accordingly, the Court finds that plaintiffs have satisfied the superiority requirement of Rule 23(b)(3).

CONCLUSION

For the foregoing reasons, plaintiffs' motion for collective certification, pursuant to the FLSA, is granted. Plaintiffs' motion for class certification of their New York Labor Law claims, pursuant to Rule 23 of the Federal Rules of Civil Procedure, is also granted. Plaintiffs Antonio Garcia and Jose Amaya are appointed class representatives.

The parties shall file a list of trial witnesses and trial exhibits no later than January 16, 2012. The trial will commence with jury selection on February 6, 2012 at 9:00 a.m.

**SO ORDERED:**

Dated: Central Islip, New York
       December 15, 2011

/s/ E. Thomas Boyle
E. THOMAS BOYLE
United States Magistrate Judge